## WILSON v. HARDESTY.

1. **Homestead: DOWER: MORTGAGE.** When a widow elects to take her distributive share under the law, and when such share embraces a part or all of the homestead, she does not surrender the right to have the property, other than that set apart to her, first exhausted in the payment of a mortgage lien upon the whole premises.

Wilson v. Hardesty.

*Appeal from Jasper Circuit Court.*

FRIDAY, JUNE 7.

R. J. HARDESTY, deceased, was the owner of eighty acres of land, upon which he resided as his home. Esther A. E. Hardesty is his widow, and, since the death of her husband, she has continued to reside upon and occupy the homestead. Prior to the death of her husband, he and his said wife executed a mortgage upon all of said land, for the sum of seven hundred dollars, and interest.

Plaintiff, as executor of the estate of R. J. Hardesty, commenced this proceeding to sell the real estate of the deceased, to pay debts, and asked that the widow be compelled to elect whether she will take her rights under the law or under the will of the decedent, and that, after such election, her interest in such real estate be set apart to her, and the residue be ordered to be sold to pay the debts. Esther A. E. Hardesty appeared to plaintiff's petition, and elected to take her share as widow under the law, instead of under the will.

The court found that she was "entitled to have the undivided one-third of said real estate set apart to her, including the homestead, subject to the *pro rata* incumbrance of the seven hundred dollar mortgage, being the one-third of said mortgage, and that the administrator is entitled to sell the remainder of said real estate, incumbered with the two-thirds of said seven hundred dollar mortgage."

From this order Esther A. E. Hardesty appeals.

*Ryan Bros.*, for appellant.

*Smith & Wilson*, for appellee.

ROTHROCK, CH. J.—Appellant claims "that she is entitled
1. HOMESTEAD: to have her interest in the real estate set off to
dower: mort-
gage.       her so as to include the ordinary dwelling-house
given by law to the homestead, free from the mortgage debt,

provided the remainder of the realty included in the mortgage is sufficient to discharge it." It is claimed by the appellee, and was held by the court below, that, as appellant elected to take her distributive share as provided by law, she abandoned all other rights in the real estate, and takes the one-third, subject to the proper proportion of the mortgage incumbrance.

In the latter view we do not concur. It is true when appellant elected to take her share under the law she was entitled to take one-third in fee of such real estate, to which she had made no relinquishment of her right. Code, § 2440.

But the relinquishment by mortgage, if it may be called a relinquishment, could only affect the homestead so far as might be necessary to pay the remainder of the mortgage after exhausting the other property included in the mortgage. Code, § 1993. The execution of the mortgage was, then, at most, but a qualified or contingent relinquishment of her right in the land to the amount of the mortgage debt.

Section 2441 of the Code provides that the distributive share of the widow shall be so set off as to include the ordinary dwelling-house given to the homestead, and section 2451 provides that in case her distributive share cannot be readily divided, the court may order the whole to be sold, and one-third of the proceeds paid over to the widow, and with any money thus paid to her she may procure a homestead which shall be exempt from liability for all debts from which the former homestead would have been exempt in her hands.

We think these two sections clearly indicate that when a widow elects to take her distributive share under the law, and when such share embraces a part or all of the homestead, she does not surrender the right to have the property, other than that set apart to her, first exhausted in the payment of a mortgage lien upon the whole premises.

She takes her distributive share free of her husband's debts, and it so far retains its homestead character that the other property included in the mortgage in which she joined must

be first exhausted.   The conclusion we reach is not inconsistent with the cases of *Meyer v. Meyer*, 23 Iowa, 359, and *Butterfield v. Wicks*, 44 Id., 310.   It is held in those cases that a widow or surviving husband cannot hold both dower and homestead in the real estate of the deceased husband or wife; that when the distributive share or dower embraces less than the homestead both cannot be claimed.   In this case it is only determined that because the widow elects to take one-third in value, in fee, she is not thereby required to take it burdened with one-third, or any part of the mortgage, unless it should be necessary to resort to her share after exhausting the other mortgaged property.

REVERSED.