McGLOTHLEN v. HITE ET AL.

1. **Dower**: MORTGAGE: HOMESTEAD. The homestead of a decedent, set apart to his widow as a part of her distributive share of his estate, is not subject in her hands to a mortgage executed by herself and her husband during his lifetime upon that and other property, unless the other property covered thereby is insufficient for its payment. Following *Wilson v. Hardesty*, 48 Iowa, 515.

2. ———: ———. Where the widow's distributive share, however, includes other property covered by the mortgage, in addition to the homestead, such property is primarily liable for the mortgage debt, of which it must, as between the widow and the heirs, bear its proportionate share. BECK, J., *dissenting*.

*Appeal from Polk Circuit Court.*

SATURDAY, DECEMBER 18.

ACTION by plaintiff as widow of J. D. McGlothlen, deceased, intestate, to obtain an assignment of her distributive share in the land belonging to his estate. The heirs of the intestate and administrator are made defendants.

The land in question consists of section twenty-seven, in township seventy-eight, range twenty-three west. The north-west one-fourth of the southwest one-fourth was occupied by the plaintiff as her homestead. The whole section was covered by a mortgage executed by the plaintiff and her

McGlothlen v. Hite.

husband, and given to secure the sum of $7,000. The property mortgaged is worth about $15,000. The court set out to plaintiff, as her distributive share, the homestead forty acres, and about one hundred and thirty-five acres in addition, the same being supposed to be one-third in value of the entire section, estimated as if there was no incumbrance. The court ordered (as the parties seem to assume, though the decree is a little obscure), that the homestead forty acres should not be liable for the payment of any part of the mortgage unless the remainder of the mortgaged property should prove insufficient, and that the plaintiff should be entitled to the land set off to her outside of the homestead as part of her distributive share, upon paying such proportion of the mortgage as the value of her share, exclusive of the homestead, bore to the value of the whole section exclusive of the homestead.

The plaintiff excepted to the order in that it did not provide that the mortgaged property, exclusive of her distributive share, should, as between her and the heirs, be deemed primarily liable, and her distributive share secondarily liable, and she further excepted to the order in that it did not fix a specific sum to be paid by her if her distributive share, exclusive of the homestead, was to be held primarily liable. The defendants excepted to the order in that it provided that the homestead forty acres should, as between her and the heirs, be deemed secondarily liable. Both plaintiff and defendants appeal.

*St. John & Williams*, for the widow.

*Bowen & Leavens*, for the administrator.

*Bryan & Bryan* and *Parsons & Runnells*, for the heirs.

ADAMS, CH. J.—The ruling of the court below in holding the homestead forty acres secondarily liable was based, doubt-less, upon *Wilson v. Hardesty*, 48 Iowa, 515.

1. DOWER: mortgage: homestead.

The heirs question the correctness of the decision.

The writer of this opinion is not entirely satisfied in regard to its correctness, but the other members of the court are. It must, therefore, be allowed to stand. This disposes of the question in regard to the homestead forty acres.

The question as to whether a widow's distributive share, not included in a homestead, should, as between her and the 2. —— : ——. heirs, be held to be primarily or secondarily liable to contribute to the payment of a mortgage conveying the property out of which her share is carved, and in the execution of which mortgage the widow joined with her husband, was disposed of in *Trowbridge v. Sypher, ante,* 352. In that case such share was held to be primarily liable. The plaintiff, however, complains that if any part of her share is to be held primarily liable the precise sum to be paid by her should have been fixed.

No sum as her proportionate share could have been fixed, the payment of which would have had the effect to discharge her land while any part of the mortgage debt remained unpaid. Possibly, if the pleadings had raised the question as to what sum paid by the widow should be deemed her share as between her and the heirs, the court should have determined it. But the pleadings being silent in regard to it, we cannot say that the court erred. On both appeals, the judgment is

Affirmed.

Beck, J., *dissenting.*—I cannot concur in the conclusions announced in the last point of the foregoing opinion. My views upon the question involved are expressed in my dissenting opinion in *Trowbridge, Ex'r, v. Sypher et al., supra.*