## CONGER v. COOK.

1. **Dower:** TAXES. Taxes paid by the administrator from the personal estate should not be made a charge upon the widow's distributive share.

2. **Homestead:** LIENS. Where the widow's dower was admeasured to include the homestead and other lands, the decree was construed to charge the homestead with one-third of the mortgage thereon alone, and her distributive share in other lands, with a *pro rata* liability as to the mortgage thereon, and approved.

*Appeal from Adair Circuit Court.*

MONDAY, OCTOBER 24.

CHARLES WILSHIRE died in 1878, seized in fee of 560 acres of land in Adair county, and 155 acres in Guthrie county. The plaintiff is administrator of his estate. The personal property being insufficient for the payment of the debts the plaintiff asked an order for the sale of real estate for that purpose.

Ina M. Cook, widow of the deceased, and Wm. Wilshire, his only child were made parties to the proceeding. Ina M. Cook filed a cross-petition in which she demanded that her dower in the land be assigned to her so as to include the homestead. The homestead, forty acres, was incumbered by a mortgage for some $300, and 400 acres of the other land was mortgaged for $4,000. These mortgages were both executed by Charles Wilshire and his wife Ina M. Wilshire, now Cook. There was also a judgment against Charles Wilshire which was a lien upon the real estate in Adair county, and the tax for 1878 on the Adair land was unpaid. It was ordered that appellants dower be admeasured and set off to her in one body so as to include the homestead. The court further ordered that the widows share "so set off is hereby ordered burdened and held to the payment of one-third of the taxes and judgment and the mortgage liens in wich Ina M. Cook joined with her husband upon said real estate at the date of the decease of said Charles Wilshire."

From this order Ina M. Cook appeals.

*H. E. Long*, for appellant.

*Ben. S. Adams* and *McCoughan & Dabney*, for appellees.

ROTHROCK, J.— I. As we understand it, the appellee does not claim that appellant's distributive share should be charged with any part of the judgments. Pending the appeal he served a notice on counsel for appellant to the effect, that if the decree should be construed to make such charge he would consent to its modification. This question may therefore be considered out of the case.

II. It would have been a much more preferable mode for adjusting the rights of these parties if there had been an or-

1. DOWER: admeasurement of: taxes. der made requiring one-third in value of the real estate to be set off to the widow and then after ascertaining the tracts assigned to her make the order as to the

liens. The order is so indefinite as it is, that we are not able to determine the question intelligently. It appears that the taxes have been paid by the administrator from the personal estate. They were therefore no longer a lien, and should not be made a charge upon any of the land.

III. The counsel for appellee protests that the decree makes no charge upon the homestead excepting one-third of

2. HOME-STEAD: liens.

the mortgage which was upon the homestead alone, and that as to the other mortgage the widow's distributive share is subjected to a *pro rata* primary liability. The decree may, we think, be so construed. If so it is in accord with the case of *Trowbridge v. Sypher*, 55 Iowa, 352, and charging the homestead with no more than one-third of the mortgage which is upon it alone is not inconsistent with the cases of *Wilson v. Hardesty*, 48 Iowa 515, and *McGlothlin v. Hite*, 55 Iowa 392. In those cases the mortgages included the homestead and other lands.

MODIFIED AND AFFIRMED.