## WELLS ET AL. V. WELLS ET AL.

1. **Homestead:** INCUMBRANCE ON: DOWER. An order of court which set apart out of the homestead enough in value to satisfy the mortgage debt thereon, and then assigned as the widow's distributive share one-third in value of all the real estate without regard to the incumbrance, or requiring her to contribute towards its payment, approved.

### *Appeal from Jefferson Circuit Court.*

### TUESDAY, DECEMBER 13.

THIS is a proceeding for the admeasurement of dower. From the decree entered in the case Wm. B. Murry, an intervening creditor, appeals. The facts are stated in the opinion.

*Slagle, Acheson & McCracken*, for appellant.

*Culberson & Jones*, for appellee.

DAY, J.—I. John H. Wells died insolvent, seized of five distinct tracts of real estate. One of these was the homestead, containing twenty-six acres.

John Wells, during his lifetime, and his wife, Margaret P. Wells, executed upon twenty acres of this homestead a mortgage to secure a note for the sum of $2,000, with interest at ten per cent, payable semi-annually. This note became due October 9, 1874, and was on that day extended for two years. On the 9th of April, 1877, there was a balance due on said note of $1,600. On the 17th day of July, 1877, the said note was due and unpaid to the amount of $1,643.55, and on that date Margaret P. Wells purchased the note and paid for the same the total amout due thereon, and took an assignment of the note and mortgage to herself. The court found that there is due Margaret P. Wells the sum of $1,643.55 with ten per cent interest, payable semi-annually, from the 17th day of July, 1877.

The court ordered that the referees in setting off the widow's

share of one-third in value of all the real estate in question, value all said tracts separately, and fix a cash value thereon, and that they fix a value upon the portion of the homestead covered by the mortgage, and a separate value upon the portion of the homestead not covered by the mortgage, and that out of the value of the said homestead tract not covered by the mortgage they deduct the amount due Margaret P. Wells on said note and mortgage, and set off to said Margaret P. Wells such amount of the remaining value of the homestead tract as will be the one-third in value of all the realty described. The order further directs that if the portion of the homestead covered by the mortgage, after deducting the amount due on the mortgage, be not equal to the one-third in value of all the real estate, the remainder of the homestead be set apart, and if necessary, property not included in the homestead, so that the share set apart to the widow shall be equal to the one-third part of all the real estate of which her husband died seized and in addition thereto, to the amount due on the note and mortgage held by Margaret P. Wells against the homestead tract.

There has thus been set apart to the widow, incumbered by the mortgage, such an amount of the real estate of which her husband died seized as shall be sufficient to discharge the mortgage, and in addition thereto be equal to one-third in value of all the real estate of which her husband died seized, without regard to mortgages on the homestead.

The appellant correctly states the question involved in this appeal to be as follows: "Is the widow entitled to one-third in value of all the real estate of which her husband died seized, without regard to incumbrances that may be on that portion of the land used as a homestead?" The appellant insists that the amount due on the mortgage should have been deducted from the value of all the real estate, and that one-third in value of the remainder should have been set apart to the widow as her dower.

1. HOME-STEAD : incumbrance on : dower.

In *Trowbridge v. Sypher*, 55 Iowa, 352, and in *McGlothlen v. Hite*, 55 Iowa, 392, it was held that the distributive share of the widow in property of which the husband died seized, not the homestead, was liable to contribute *pro rata* to a mortgage thereon, in which she had joined. Neither of these cases touches the question involved in this case. In *Wilson v. Hardesty*, 48 Iowa, 516, all of the property of which the husband died seized, including the homestead, was covered by a mortgage in which the wife had joined. It was held that the widow was entitled to have one-third part in value of all the land set off to her so as to embrace the homestead, without a liability to contribute to any part of the mortgage, unless it should be necessary to resort to her share after exhausting the other mortgaged property. The fact that in *Wilson v. Hardesty* the mortgage was upon all the property of which the husband died seized, whilst in the case at bar the mortgage was upon a part only of the homestead, does not distinguish the case in principle. The point really decided in *Wilson v. Hardesty*, is that the widow's distributive share may be set apart in the homestead without regard to a mortgage thereon, if there be enough of other mortgaged property to satisfy the mortgage debt. In the case at bar the court set apart out of the homestead enough in value to satisfy the mortgage debt, and then assigned the widow's distributive share out of the balance, without requiring her to contribute to the payment of the mortgage debt. The order of the court is within the principle of, and is justified by, *Wilson v. Hardesty*.

II. On the note and mortgage purchased by the plaintiff there was due April 9, 1877, when the semi-annual interest was payable, $1,600.

The plaintiff bought the note July 17, 1877, paying therefor the amount due at that date, $1,643.55.

The court found that the amount due plaintiff was $1,643.55, with interest thereon at ten per cent from July 17, 1877. The

real amount due plaintiff is $1,600, with interest from April 9, 1877, at ten per cent payable semi-annually. If the atten_tion of the court below had been specially called to this slight error in computation, it is probable that it would have been corrected without the expense of an appeal. The decree will be modified as above indicated, but no costs will be taxed against appellee.

MODIFIED AND AFFIRMED.