SARAH C. SNYDER and O. P. JENKINS, Appellants, v. NATHANIEL RICHEY, Appellee, and GEO. W. JENKINS, C. M. PERKINS, M. E. BROTTON, C. H. MOFFET, E. E. MOFFET, CORA MOFFET HIBBS, GRACE MOFFET WILSON, LEO SEBASTIAN, FRANCIS HENLEY, FRED MOFFET, NELLIE MOFFET, and BYRON L. HULING, Administrator, Codefendants and Appellants.

Appeal: DISMISSAL: SECOND APPEAL. The dismissal of an appeal does not preclude the right to again appeal within the statutory time.

Appeal: NOTICE: SERVICE ON DEFAULTING PARTIES. Failure to serve

notice of appeal on defaulting defendants who would not be injuriously affected by the judgment rendered is not ground for dismissal of the appeal. This is especially true where such parties, pending a former appeal which was dismissed, appeared in the court below, thus becoming parties after dismissal of the first appeal.

**Same:** ABSTRACT: TIME OF FILING. Failure to file an abstract in time for the second term after taking an appeal is immaterial, where that appeal was dismissed and the abstract was duly filed under a second appeal properly taken.

**Dower:** MORTGAGE INDEBTEDNESS: RIGHTS OF SURVIVING SPOUSE. In an action for partition between a surviving spouse and the heirs of decedent, the surviving spouse is not entitled to have a mortgage upon the land, which was made by decedent prior to marriage, satisfied out of the heir's share.

*Appeal from Buena Vista District Court.*—HON. A. D. BAILIE, Judge.

FRIDAY, APRIL 7, 1911.

ACTION for partition of real estate of which Mrs. Mary L. Richey died seised, situated in Buena Vista county. The decedent was at the time of her death a resident of California, and there has been administration on her estate in that state. It is conceded that the personal property in California is sufficient to satisfy the unsecured debts. The real estate to be partitioned in this suit is subject to mortgages executed by decedent prior to her marriage to defendant, Nathaniel Richey. The decedent left no direct heirs. The plaintiffs and the defendants other than Nathaniel Richey are collateral heirs entitled to interests in the property dependent on their different degrees of relationship. By a preliminary decree of which no complaint is made, the shares of the respective parties in the property were fixed, and a sale was ordered which has already been made. In its final decree as to the distribution of the proceeds, the court held that defendant

Nathaniel Richey as surviving spouse was entitled to one-third by way of dower interest and one-sixth as heir, and that the mortgage must be satisfied out of the two-thirds interest going to heirs, including Nathaniel Richey, as entitled to a one-sixth interest in addition to his one-third interest as surviving spouse. The plaintiffs and all the defendants save Richey appeal from this decree. *Reversed.*

*Edson & Moulton,* for appellants Snyder and Jenkins.

*J. E. Buland* and *Graves & Gibbons,* for other appellants.

*James Deland,* for appellee.

McClain, J.—The question presented has not been directly adjudicated by this court. It is this: In the partition of land between a surviving spouse and the heirs of the deceased spouse is the survivor entitled to have mortgage indebtedness, which was secured upon the property prior to the marriage, satisfied out of the two-thirds share, which is to be distributed among the heirs, leaving the dower interest of the survivor free from liability for such mortgage indebtedness, providing the remaining two-thirds going to the heirs is sufficient to satisfy such indebtedness?

I. We are first met, however, with motions in behalf of appellee Richey to dismiss the separate appeals of the plaintiffs and of his codefendants. As to the plaintiffs'

1. APPEAL: dismissal: second appeal.

appeal, the contention is that a prior appeal from the same decree had been taken by plaintiffs and subsequently dismissed before the present appeal was taken, and that there is no right after the dismissal of one appeal to prosecute another, even though the subsequent appeal is taken within the

statutory period after the entry of judgment or decree. This contention has, however, been overruled. *Groendyke v. Musgrave,* 123 Iowa, 535; *Stutsman v. Sharpless,* 125 Iowa, 335.

It is further contended that the appeal should be dismissed because notice thereof was not served on some of the codefendants who had made default. To this contention there are two sufficient answers. The first

2. APPEAL: notice: service on defaulting parties.

is that the interest decreed to these codefendants in the proceeds of the sale of the property can not be decreased by any decree which can now be entered if appellants succeed in their appeal, and the result of sustaining plaintiffs' contention will be to reduce the amount allowed to defendant Richey and increase the amount to be distributed to plaintiffs and Richey's codefendants. But a second, and to us equally satisfactory answer is that pending the appeal which was subsequently dismissed the defendants who had made default entered appearance in the lower court by attorney, and were therefore parties to the proceeding in that court after the first appeal was dismissed, and before the second appeal was taken. During that interval of time, the lower court had jurisdiction to proceed to make final distribution among all the parties involved in the suit, and all of them are now in this court under the second appeal.

The contention that the abstract was not filed in time for the second term after the taking of the first appeal is entirely without merit in view of our holding that the second appeal was proper. It is not claimed,

3. SAME: abstract: time of filing.

nor does it appear on the record, that the abtract was not filed in due time under the second appeal. As we have the whole case before us on plaintiffs' second appeal, it would seem unnecessary to notice appellee's motion to dismiss an independent appeal taken by his codefendants. Appellee's motions to dismiss are therefore overruled.

II. The provision of the Code fixing the interest of the surviving spouse in the real property of the deceased reads as follows: "Sec. 3366.   One-third in value of all the legal or equitable estates in real prop-

4. DOWER: mort-
gage indebted-
ness: rights
of surviving
spouse.

erty possessed by the husband at any time during the marriage which has not been sold on execution or other judicial sale and to which the wife has made no relinquishment of her right shall be set apart as her property in fee simple if she survive him.   The same share of the real estate of a deceased wife shall be set apart to a surviving husband." The contention for appellee is that the surviving spouse takes one-third of all real property of which the deceased had a legal or equitable title during the coverture so far as the same has not been sold on execution, and that therefore, as in the case before us, decedent held the legal title to the land in controversy, one-third in value of such land should be set apart to her surviving husband, leaving the mortgage indebtedness to be satisfied out of the personal estate or out of the remaining two-thirds; while the contention for appellants is that in determining one-third in value of the estate in the land in controversy held by deceased during coverture which the survivor is entitled to take as dower, the mortgages on the land existing at the time coverture commenced must be deducted.   It is evident that the language of the statute is not sufficiently specific to determine the question without the aid of judicial construction and the construction given to such language in determining analogous questions is therefore to be given considerable weight.

The first pertinent question which was determined under this statutory provision was as to the liability of the dower interest to be subjected to the payment of the debts of the deceased, and it was held that, as the survivor's interest attached during coverture and not on the death of the owner, the debts of the estate should be satisfied out

of the personal property, if sufficient, and if not, out of the remaining two-thirds of the real property which would pass by decedent to the heirs. *Mock v. Watson,* 41 Iowa, 241; *Kendall v. Kendall,* 42 Iowa, 464.

The next similar question to arise was as to the liability of the dower interest to contribute in the extinguishment of a purchase-money mortgage given by decedent during coverture in which the survivor had not joined, and it was held that the dower interest was subject to such contribution, for the reason that in contemplation of law there was no time intervening between the execution of the deed by which the land was acquired by deceased and the execution of the mortgage thereon for the purchase price, and that the inchoate dower right attached only to the land subject to such mortgage. *Thomas v. Hanson,* 44 Iowa, 651. And the same principle was recognized as controlling where the deceased had acquired property subject to a mortgage assuming its payment as part of the purchase money. *Kemerer v. Bournes,* 53 Iowa, 178. It was next held that where the survivor had joined during coverture in the execution of a mortgage releasing dower, the interest of such survivor is subject to the mortgage without right to require that the mortgage indebtedness be first satisfied out of the portion of the property which descends to the heirs; the court saying that, while the dower interest is exempted from the liability for unsecured debts because in contemplation of the law the survivor had no voice in contracting them, such reason fails when the survivor has joined in executing an incumbrance upon the land. *Trowbridge v. Sypher,* 55 Iowa, 352. In that case it is suggested that the share given to the survivor by law is a certain fraction in value, and that, if the survivor has joined during coverture in executing an incumbrance, such incumbrance should be taken into account in determining the value of the land out of which the dower interest is to be taken. The question is said

to be as to whether by the mortgage in which the survivor has joined the distributive share has become subject to a *pro rata* liability or only to a secondary liability, and that this question is quite foreign to the question as to whether the deceased had the legal title. In the case just cited we think that the court clearly recognizes a doctrine of equitable interpretation in the application of the statutory language, and, while there was a dissent, the reason and conclusion of the majority has been adhered to in subsequent cases. See *McGlothlen v. Hite,* 55 Iowa, 392; *Conger v. Cook,* 57 Iowa, 49; *Wells v. Wells,* 57 Iowa, 410.

4 ) The next question to arise was as to whether the survivor had any dower interest in land acquired by decedent during coverture subject to a condition for breach of which it had been reconveyed to the grantor without the spouse joining therein, and it was held that in such a case no dower right remained to the survivor. *Sullivan . v. Sullivan,* 139 Iowa, 679. In that case it is said that "dower is favored by the courts, but it is not to be allowed at the expense of clearly inequitable results unless the statute clearly requires it. Such is not the case here. The claim of dower can be of no higher quality than the seisin of the husband at the instant the concurrence of such seisin and the wife's coverture gave it birth." Here, again, the rule that the statute should be given an equitable interpretation is recognized.

In the case before us the deceased at the beginning of the coverture was seised of the legal title to the land here involved, subject to mortgages. At no time during the coverture did the deceased have any higher right than that which existed when coverture commenced. And we think it is one-third in value of this interest—that is, the legal title subject to the mortgages—to which the surviving husband is entitled. Surely if the survivor's interest is subject to purchase-money mortgages, it should be for a similar

reason subject to mortgages existing on the land at the inception of coverture. In either case the inchoate right attaches only to the interest which the deceased held during coverture. While the decisions on similar questions in other states are not in entire harmony and the nature of the dower right as recognized in the different states must affect the decision of the question, yet there is ample authority elsewhere to support such a conclusion as we have reached under our own decisions. See *Swaine v. Perine,* 5 Johns. Ch. (N. Y.) 382 (9 Am. Dec. 318); *Hawley v. Bradford,* 9 Paige Ch. (N. Y.) 200 (37 Am. Dec. 390); *Hartshorne v. Hartshorne,* 2 N. J. Eq. 349; *Woodhull v. Reid,* 16 N. J. Law, 128; *Burrall v. Bender,* 61 Mich. 608 (28 N. W. 731); *Dobbin v. Dobbin,* 11 Ont. (Can.) 534.

We reach the conclusion that the lower court erred in requiring the satisfaction of the mortgages out of the proceeds of the land before setting apart to the defendant the one-third interest to which he was entitled as surviving spouse, and the case is remanded to the lower court for a decree in harmony with this opinion, or the appellants may have a decree in this court on their election to do so.— *Reversed.*