IDA M. WALTHER, OSCAR O. WALTHER and JOHN R. WALTHER, Appellees, v. BERTHA WALTHER RUARK and JAMES RUARK, Her Husband, LEON J. WALTHER, RALPH A. WALTHER and ADOLPH M. WALTHER, Appellants.

Homestead: EXEMPTION: MORTGAGES: ENFORCEMENT OF LIEN. Where a husband and wife joined in the execution of a mortgage covering his land, and upon his death a portion was set off to her in his estate proceedings as a homestead, she having elected to take her distributive share, the fact that the entire property was sold in partition proceedings, because impractical to make a division in kind, did not deprive her of her homestead exemption; and the court properly held her share of the proceeds only secondarily liable for the mortgage debt.

*Appeal from Davis District Court.*—HON. F. M. HUNTER, Judge.

THURSDAY, OCTOBER 23, 1913.

PARTITION proceedings to allot the shares of the several parties in a tract of land and for a sale of all of the land in the event it could not equitably be subdivided. The trial court established the shares of the several parties, ordered a sale of the land, but directed that the share of the widow, Ida M. Walther, or the proceeds, be held but secondarily liable for a mortgage upon the entire land. The heirs appeal.— *Affirmed*.

*W. D. McCormick* and *Sloan & Sloan,* for appellants.

*C. W. Ramseyer* and *Henry C. Taylor,* for appellees.

DEEMER, J.—September 2, 1911, Adrian Walther died intestate, seised of the west fractional half of section 16, township 67, in Davis county, Iowa. He had acquired this land by purchase in the year 1910, and to secure part of the purchase price he and his wife executed a mortgage upon the land to the Connecticut Mutual Life Insurance Company to secure the sum of $8,500. As will hereafter be observed, this mortgage never became effective for want of delivery. At the same time they executed a trust deed upon the land to one Hotchkiss to secure the further sum of $3,500 and some other debts therein specified. After the acquisition of the property, husband and wife moved thereon and made a part thereof their homestead. This they were occupying at the time of the husband's death. Surviving the husband were his widow, one of the plaintiffs herein, and six children, who are either plaintiffs or defendants. In her petition in this case, the widow elected to take her distributive share, and it is agreed that each of the children was entitled to an undivided one-ninth interest. The defendants pleaded that the land could not be equitably subdivided, and they asked for a sale thereof; admitted that the widow should not be charged with any part of the attorneys' fees, and asked the appointment of a referee to report all incumbrances. The widow asked for a sale of the land, and that the mortgage liens thereon and to the proceeds thereof be adjudged a first lien upon the lands not homestead in character, and that her share in the land, to the extent of the homestead, be held secondarily liable. After hearing the proofs, the trial court fixed the shares of the respective parties, ordered a sale of all the property, because not subject to equitable division, decreed that the sale should be subject to the mortgages, and further decreed that:

In the distribution of the proceeds from the sale of said land, the proceeds from the homestead forty acres shall not be charged with the payments of any mortgage or mortgages upon said lands unless the proceeds from the balance of said land should prove insufficient to pay off or discharge said

mortgage or mortgages, in which case the proceeds from the sale of the homestead forty acres shall only be used to pay any deficiency after exhausting the proceeds from the other land. It is further ordered and decreed that, in the payment of any mortgage or mortgages upon said land, the portion of the said widow's share represented by the proceeds of the sale of the homestead shall not be charged therewith nor contribute in paying same; however, the excess received by said widow over the proceeds from the sale of the homestead shall bear its proportionate share or burden in the payment of said mortgage or mortgages. In the event said land is sold in one whole tract, the appraisement shall form a basis upon which to determine the amount received for the homestead forty acres. When said referee has sold said land and received the purchase money therefor, he shall first pay the costs of this action, including the statutory attorneys' fees to plaintiff's attorneys; next he shall pay the mortgage if any as stated herein; next he shall pay the widow, Ida M. Walther, her share of the proceeds to be ascertained as provided herein; next he shall pay to the administrator of the estate of Adrian Walther a sufficient amount so when added to the property or proceeds thereof now in his hands as administrator will pay the just debts and expenses of administration of said estate. The balance in his hands shall be equally distributed to Oscar O. Walther, John R. Walther, Bertha Walter-Ruark, Leon J. Walther, Ralph A. Walther, and Adolph M. Walther. Any sale made of said land must be made subject to the approval of this court or one of its judges in vacation and reported for approval.

Objections were thereafter filed to that part of the decree quoted. These were overruled, and the appeal is from this order and also from the decree. It should also be stated that, in the pleading filed by the widow, she claimed the homestead character of a certain forty acres of the tract; that she was in possession and occupying the same; and she asked that her property be set off so as to include the homestead and further prayed: ". . . That in the event said land cannot be equitably divided into parts without loss or injury to the whole tract, in the distribution of the proceeds from the sale of said land, she be paid the proceeds from the sale of the

homestead with sufficient added thereto from the sale of other lands to make the proportion so paid her equal to one-third (⅓) of the entire proceeds, being her homestead and dower interest; and she prays that the proceeds from the sale of the homestead forty shall not be charged with the payment of any mortgage or mortgages upon said land; and she further prays that her interest in said land shall not be charged with the payment of any of the debts of deceased and for such other relief as is equitable in the premises and for general relief in equity.'' Evidently the trial court granted this prayer, and the correctness of the ruling is challenged.

An amended abstract, filed by appellee, shows that no money was advanced on the $8,500 mortgage, and that the incumbrance was for $8,000 for a debt incurred after the homestead was created, and that all other debts and incumbrances, including the debt secured by the trust deed, were paid out of the personal property of the deceased.

The issue presented is a narrow one, and we must, in view of the record, eliminate the claim that the unsatisfied mortgage was given for the purchase money and was in existence before the homestead was acquired. Appellees' amendment to the abstract is not challenged, and we must accept the statements therein as true. The only question remaining, then, is: Was the widow entitled to the decree which the trial court entered, making the homestead forty or the proceeds thereof secondarily liable for the incumbrance in which the wife joined? The statutes of the state afford a ready answer to this question.

Code, section 2976, reads as follows:

The homestead may be sold on execution for debts contracted prior to its acquisition, but in such case it shall not be sold except to supply any deficiency remaining after exhausting the other property of the debtor liable to execution. It may also be sold for debts created by written contract, executed by the persons having the power to convey, and expressly stipulating that it is liable therefor, but then only for a

deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt.

Section 2985 provides that:

Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated. The survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; but if there be no survivor, the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own, except those of the owner thereof contracted prior to its acquisition.

Section 3367 reads:

The distributive share of the survivor shall be set off so as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement; but no such arrangement shall be permitted unless there be sufficient property remaining to pay the debts of the decedent.

And section 3375 is as follows:

If the referees report that the property or any part of it cannot be readily divided, the court may order the whole sold and one-third of the proceeds paid over to the survivor, but no sale shall be made if any one interested gives security to the satisfaction of the court, conditioned to pay the survivor the appraised value of the share, with eight per cent. interest on the same, within such reasonable time as it may fix, not exceeding one year. If no such arrangement is made, such survivor may keep the property by giving like security to pay the claims of all others interested upon like terms. With any

money thus obtained, the survivor may procure a homestead, which shall be exempt from liability for all debts from which the former homestead would have been exempt, and such sale shall not be ordered so long as those in interest shall express a contrary desire and agree upon some mode of sharing and dividing the rents, profits or use thereof, or shall consent that the court divide it by rent, profits or use.

Section 2976, before quoted, is the same as 1993 of the Code of 1873, and it was held, under this section in connection with others quoted, in *Wilson v. Hardesty,* 48 Iowa, 515, and *Bissell v. Bissell,* 120 Iowa, 127, that the widow is entitled to have her distributive share set off to her so as to include the homestead, and that this homestead is not liable for incumbrances in which she has joined until the other property covered by the mortgages is first exhausted. These holdings were in the face of the fact that the wife had joined in the execution of the mortgages. Indeed, no other holding seems to be reasonable in the face of the statutes quoted.

The widow did not lose this exemption or privilege, because it was found impractical to make a division in kind, and a sale was found necessary; for one of the statutes quoted exempts the proceeds of such a sale and permits a reinvestment thereof. Whether or not the proceeds may ever become subject to levy is a matter not now before us. Argument can add nothing to what is said in the cases cited. The crucial point in the case is that the widow elected to have her distributive share so allotted to her as to include the homestead. This she was entitled to; and, as the statute preserves the exemption to the proceeds of the sale of the homestead forty, the trial court was clearly right in its decree.

Some other points are made in argument; but, as there is no support for them in the record, they are not considered.

The order and decree of the trial court are correct, and they are each *Affirmed.*

WEAVER, C. J., and GAYNOR and WITHROW, JJ., concur.