ELIZABETH HAYNES, Appellee, v. MINNIE ROLSTIN, C. E. ROLSTIN, EDNA R. LANDERS, PERRY H. LANDERS, SANFORD G. HAYNES, GOLDIE H. HAYNES, ROY L. HAYNES, GLADYS H. HAYNES and IDA R. HAYNES, Defendants.
HENRY FRANZEN, ——— FRANZEN, CLARENCE M. HAYNES and FLORA E. HAYNES, Appellants.

Dower: PURCHASE MONEY MORTGAGE. A widow is entitled to have her one-third interest in the estate of her deceased husband set apart to her free from a mortgage which was on the property when purchased and assumed by the husband, provided there is sufficient other property to pay the indebtedness.

*Appeal from Madison District Court.*—HON. W. H. FAHEY, Judge.

WEDNESDAY, FEBRUARY 18, 1914.

PROCEEDING to have set apart to the widow one-third in value of the real estate, to include the homestead, free from claim for purchase-money indebtedness. From a decree in favor of plaintiff, the defendants appeal.—*Affirmed.*

*W. S. Cooper,* for appellants.

*J. P. Steele,* for appellee.

WITHROW, J.—In December, 1911, M. D. Haynes died intestate, seised of eighty acres of land upon which there were at the time two mortgage incumbrances; the first for $1,000 being for a part of the purchase money, it having been assumed by Haynes at the time of purchase, and the second for $400, given to secure indebtedness incurred after the purchase. Upon his death he left as survivors his widow, the appellee, and seven children, three of whom at the time of the commencement of this action were minors, all of whom are made defendants. The widow, Elizabeth Haynes, in this action sought to have set apart to her in her own right one-third in value of the real estate, including the homestead, claiming that she was entitled to have all sold, and that the mortgage claims should be paid from the proceeds of that outside the homestead before it should be subjected to any part of the indebtedness. The defendant claimed that $1,000 of the mortgage indebtedness was assumed as part of the original transaction of purchase, and that the widow's right in the real property was only in such as remained after payment of the purchase-money indebtedness, which should be from the entire proceeds. Upon the trial the facts were conceded as set out in the pleadings, and as are contained in the foregoing statements. The trial court found that at the time of his death M. D. Haynes was occupying the property as a homestead, and that since his death his widow, the plaintiff, has continued

to so occupy it. It was decreed that she was entitled to have set off to her the one-third in value of the land, so as to include the residence and buildings, and that the mortgages should be paid out of the proceeds of the remaining two-thirds. From such decree the defendants appeal.

Stated concisely, the claim of appellants is that, when real estate is purchased subject to an existing mortgage, which is assumed, and is therefore a part of the purchase money, upon the death of the husband the widow's right as to dower, including the homestead, attaches only to that which remains after payment of the purchase-money indebtedness. As thus presented the question has never been directly before us for decision. By many previous decisions of this court it has been held that the dower interest in real estate attaches subject to the superior right of a purchase-money mortgage, and that the widow is not entitled to assert it as against the prior claim based upon a purchase-money lien. *Thomas v. Hanson*, 44 Iowa, 651; *Kemerer v. Bournes*, 53 Iowa, 172; *Noyes v. Kramer*, 54 Iowa, 22; *Snyder v. Richey*, 150 Iowa, 737. But in the cited cases the question as to rights of the widow when dower is sought to include the homestead was not involved nor considered. There were only the questions of the rights of creditors or purchasers. The present case seeks no impairment of the rights of the mortgage creditors to have their liens satisfied from the real estate, but, as between the widow and the heirs, asks to have the interests of the latter first subjected to the purchase-money lien, before the homestead in which dower is asked shall be subjected to any part of the claim.

It is a rule, often stated by this court, that when a widow elects to take her distributive share under the law, which embraces a part or all of the homestead, the property other than that set apart to her must first be subjected to a mortgage lien upon the whole premises, her share being liable only for the deficiency. *Wilson v. Hardesty*, 48 Iowa, 515; *McGlothlen v. Hite*, 55 Iowa, 392; *Bissell v. Bissell*, 120 Iowa, 127. The policy of the law is to protect the homestead in so far as

such may be done without lessening the superior rights of
creditors. In so doing it not infrequently occurs that the
interests of the heirs are largely reduced, but as stated in
*Trowbridge v. Sypher,* 55 Iowa, 357, "it is deemed justi-
fiable on account of the necessity of affording the widow
protection when she is powerless to protect herself." The
real property involved in the present proceeding was, from
the time of its purchase, in part occupied as a homestead.
Passing for the moment the question of purchase-money lien,
had the mortgagee sought foreclosure during the lifetime of
M. D. Haynes, the latter, with his wife, had the right to insist
that the property outside the homestead should first be ex-
hausted. Code section 2979. *Twogood v. Stephens,* 19 Iowa,
405; *Bissell v. Bissell, supra.*

The *Twogood* case, *supra,* was a proceeding which, among
other questions, considered that of the right of the wife in real
estate in the conveyance of which she had not joined. Her
husband, Stephens, had purchased 360 acres of land from the
school fund commissioners, giving in payment one-fourth of
the purchase money in cash, and his note for the balance,
under an agreement that deed was to be delivered when the
consideration was fully paid, reserving in the commissioner
the right to forfeit the contract and resell the land in case of
default in payment of the balance of the purchase money.
Failing to pay, judgment was procured against the purchaser.
Another judgment creditor levied upon the purchaser's equit-
able interest in the land, and bid it off for the amount of his
claim and costs. Questions arose as to the right of redemption
from the purchase-money judgment, and the homestead right
of Stephens and wife in the house and forty acres was inter-
posed. In considering the rights of the parties this court then
stated: "As respects the rights of Stephens and wife, they
consist in holding the homestead of forty acres, subject to pay
any balance there may be on the school fund judgment after
first exhausting the other land." The school fund claim was
for purchase money. If the right existed in husband and

wife to occupy and hold the homestead as only secondarily liable for the purchase-money indebtedness, it was because such right attached to the entire tract so occupied, and not to the fractional remainder after deducting the pro rata portion of the indebtedness. Such right then existing, it would follow that upon the death of the husband the homestead rights held by him would, by operation of law, pass to his widow, and, subject only to its secondary liability for purchase-money lien, would, in the admeasurement of her dower right so as to include the homestead, pass to her free from the claim of the indebtedness. We conclude that the decree of the trial court was right, and it is *Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.