JOHN DALTON et al., Appellants, v. MARGARET DALTON et al., Appellees.

**DESCENT AND DISTRIBUTION:** Dower—Homestead Incumbrance —Payment from General Assets. A widow who demands that the homestead be set off to her as part of her distributive share may, as against the heirs of a solvent estate, enforce payment of a mortgage on the homestead on which the deceased husband was alone liable, *out of the property of the estate other than the one-third share of the widow.* In other words, in such case, the widow may take the homestead *free from the incumbrance.* Phrased otherwise, the two-thirds interest of the heirs must pay the mortgage.

*Appeal from Cherokee District Court.*—WM. HUTCHINSON, Judge.

WEDNESDAY, NOVEMBER 22, 1916.

THIS is an action in equity, brought by appellants, who are heirs of James Dalton, deceased, for the purpose of partitioning 384 acres of land in Cherokee County and a residence lot in Le Mars, in Plymouth County, Iowa. Defendant, Margaret Dalton, is the widow of deceased, and the other defendant is a minor heir. Separate answers were filed. Plaintiff interposed a demurrer to the answer of the widow, which was overruled, and plaintiffs appeal.—*Affirmed.*

*Molyneux & Maher,* for appellants.

*T. M. Zink,* for appellees.

PRESTON, J.—The petition alleges that the widow is entitled to one third of all the property, and that the minor defendant and each of the plaintiffs are entitled to an undivided two twenty-sevenths of the estate. Partition is asked of all the property.

DESCENT AND DISTRIBUTION: dower; homestead incumbrance; payment from general assets.

The answer of the widow avers that she is the surviving widow of deceased; that, at the time of his death, she and her said husband, with their minor child, Helen, were living in the residence property in Le Mars, Iowa, and that the same was then their homestead; and that she and her minor child have, since the decease of said James Dalton, continued to reside on said lot as their homestead; that said lot is encumbered by a mortgage, with an unpaid balance of $2,000 and interest; that said mortgage encumbrance was not placed on said lot by the deceased, James Dalton, but was an encumbrance thereon, and its payment was assumed by deceased when he purchased the lot; that defendant never joined in the execution of said mortgage. It is alleged, also, that funds of the estate of deceased, together with the other real estate belonging to said estate, are ample to pay the debts of deceased without resorting to said homestead; that her distributive

share in the real and personal property of deceased has never been set off to her, and that she has never released her dower interest in the real estate of her husband; that, under Section 3367 of the Code, she is entitled to have her distributive share set off to her so as to include the dwelling house on the lot before referred to. She prays that the said residence be not sold, but that it be set apart to her as a part of her distributive share, and that referees be appointed to appraise the same and the reasonable value of the interest which deceased had in said lot over and above the said mortgage encumbrance thereon, and prays that, with respect to the balance of the real estate described in the petition, she joins in plaintiff's prayer for a partition thereof, and she claims so much of said other real estate as, added to the reasonable value of the interest of deceased in the said lot, over and above the mortgage encumbrance thereon, may be equal to her one-third distributive share in the real estate of deceased.

We do not understand appellants to seriously contend that the distributive share of the widow may not be set off so as to include the dwelling house. Section 3367 clearly so provides. The real contention is as to the $2,000 encumbrance. It is thought that the question has not heretofore been presented in precisely this form. They contend that to compel the two-thirds interest in the estate to pay a mortgage against the homestead would reduce the interests of the heirs, or, as they put it, enhance the value of the widow's share to more than one third of the husband's estate. This feature of the case has been determined adversely to appellants' claim, as we think, in *Haynes v. Rolstin*, 164 Iowa 180, 183. They contend, also, and cite authorities to the effect, that the dower interest in real estate attaches subject to the superior right of a purchase-money mortgage, and that the widow is not entitled to assert it as against the prior claim based upon the purchase-money lien, and that this is true even though the widow has not signed the mortgage, or when the claim is in the nature of a vendor's lien. The

trouble with this contention is that the widow is not assert-
ing her claim as against the mortgagee, but is only asking
that her rights be determined as between the heirs and the
widow.

There is a question, also, as to whether, as between her
and the estate, or the heirs, this is a purchase-money mort-
gage. It is alleged in the answer, and admitted by the demur-
rer, that the deceased assumed this mortgage. But it does
not appear whether the mortgagee assented thereto and re-
leased the mortgage, or whether deceased assumed the pay-
ment of the mortgage in the deed to him, or in some other
way, or whether he simply purchased the property subject
to the mortgage. But, under the record, we must assume that
in some way deceased assumed the payment of the mortgage,
and that it became his personal debt.

The circumstances might be such that the mortgagee
could hold deceased personally, or still rely upon the lien
of his mortgage and hold the property as well. But, as
stated, that is not now the question presented. The question
is whether, under the circumstances shown, the widow is
entitled to have her homestead set off as a part of her dis-
tributive share, free from the encumbrance. We think the
instant case is ruled by the holding in *Haynes v. Rolstin*,
supra. In that case it was held, substantially, that, where
a mortgage was a lien upon 80 acres of land, which was sold,
the grantee assuming the mortgage as a part of the purchase
price of the land, the wife not being a party thereto, and
the husband thereafter died, the widow took her interest in
the homestead 40 free from liability for the mortgage
debt, except for any deficiency after the sale of the
other 40 acres; and that, under such circumstances, the
widow could compel the other lands to be exhausted before
selling the homestead. There is this distinction between the
instant case and the case just cited, that here the mortgage
was on the homestead alone, and does not include other prop-
erty, as in the *Haynes* case. But we think it imposes no

greater burden on appellants to require its payment out of their shares of the estate than if its payment were required out of other property included therein. It occurs to us that it is the same, so far as the rights of the appellants are concerned, and that it can make no difference to appellants whether this mortgage shall be paid out of property adjoining the homestead and included in the mortgage, or whether it shall be paid out of property situated in another county and not included in the mortgage. In other words, if their shares should pay this mortgage as one of the general debts of deceased, it is unimportant as to the property out of which the same shall be paid. The widow's rights in the homestead are the same one way as the other, and her rights in the real estate of deceased are the same. The law gives her one third of the real property, exempt from liability for the payment of debts of decedent. This being so, it follows that, as between the heirs and the widow, this mortgage, as one of the general and personal debts of deceased, must be paid from his estate other than the one-third share of the surviving widow. The answer alleges, and the demurrer admits, that the other property is sufficient to pay the mortgage.

We are of opinion that the trial court rightly decided the case, and the judgment or order appealed from is, therefore, —*Affirmed.*

Evans, C. J., Deemer and Weaver, JJ., concur.