**IN THE COURT OF APPEALS OF IOWA**

No. 21-1965
Filed July 20, 2022

IN THE MATTER OF THE ESTATE OF JAMES ANTHONY GOFORTH, Deceased.

KAREN GOFORTH,
        Appellant,

vs.

CORRIE MAYNE GOFORTH and JONAH JAMES GOFORTH,
        Appellees.
_____

        Appeal from the Iowa District Court for Madison County, Elisabeth S. Reynoldson, Judge.

        The administrator of an estate appeals a declaratory judgment ruling. **AFFIRMED.**

        Lylea Critelli and Nick Critelli of CritelliLaw, P.C., Des Moines, Samuel H. Braland, Earlham, and Eric F. Turner of Turner Law Offices, West Des Moines, for appellant.

        Jane E. Rosien of Flander Rosien, P.C., Winterset, and Richard O. McConville of Coppola, McConville, Carroll, Hockenberg, & Flynn, P.C., West Des Moines, for appellees.

        Heard by May, P.J., and Greer and Chicchelly, JJ.

**MAY, Presiding Judge.**

The administrator of James Goforth's estate—Karen Goforth, who is also James's widow—appeals a declaratory judgment order. We affirm.

The case centers on some property in Earlham, Iowa. James bought the property in August 2015. He financed it with a purchase-money mortgage (the mortgage).[1]

In September 2018, James and Karen married. They lived on James's property in Earlham. But Karen never joined the mortgage.

In December, James died intestate. He was survived by Karen and his two adult children, Corrie Goforth and Jonah Goforth. Karen is not the mother of Corrie or Jonah.

Karen sought a declaratory judgment "to determine the source of payment" for the mortgage as well as "other debts and charges" of the estate.[2] She noted that, under Iowa Code section 633.212(1) (2018), her distributive share of the property was one half. She also claimed that—because the property was her homestead—the mortgage must be wholly satisfied from the other heirs' shares of the estate "with [her] share being liable only for the deficiency."

The district court disagreed. The court noted that James's interest in the property had only been his equity in the property, that is, the property's "fair market value less the outstanding balance of" the mortgage. And Karen's statutory share

---

[1] Later, the property was encumbered by second and third mortgages. Because they are not at issue in this appeal, we discuss them no more.

[2] Karen had been appointed administrator for the estate. And Karen's petition noted her role as administrator. But she also referred to herself as "the administrator/spouse." And her petition was largely concerned with her rights as spouse.

was "limited to one-half of" James's interest. So, just as James's interest had been subject to the mortgage, Karen's statutory share was too. Thus, the court concluded, Karen's distributive share as surviving spouse "is subject to a pro rata share of the" mortgage.

Karen appeals. Our review of declaratory judgments depends on how the case was tried. Here, the parties agree this action was tried at law. So our review is for correction of legal error. *United Fire & Cas. Co. v. Shelly Funeral Home, Inc.*, 642 N.W.2d 648, 651 (Iowa 2002).

As the district court correctly noted, Iowa Code section 633.212 "dictates the distribution of assets when a decedent dies without a will leaving a surviving spouse and children who are not also the children of the surviving spouse." It provides as follows:

> If the decedent dies intestate leaving a surviving spouse and leaving issue some of whom are not the issue of the surviving spouse, the surviving spouse shall receive the following share:
> 1. One-half in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage, which have not been sold on execution or by other judicial sale, and to which the surviving spouse has made no relinquishment of right.
> 2. All personal property that, at the time of death, was in the hands of the decedent as the head of a family, exempt from execution.
> 3. One-half of all other personal property of the decedent which is not necessary for the payment of debts and charges.
> 4. If the property received by the surviving spouse under subsections 1, 2 and 3 of this section is not equal in value to the sum of fifty thousand dollars, then so much additional of any remaining homestead interest and of the remaining real and personal property of the decedent that is subject to payment of debts and charges against the decedent's estate, after payment of the debts and charges, even to the extent of the whole of the net estate, as necessary to make the amount of fifty thousand dollars.

Iowa Code § 633.212.

We find a statute's meaning "in the text of the statute, the words chosen by the legislature." *In re Guardianship of Jorgensen*, No. 18-1235, 2020 WL 7021507, at *4 (Iowa Ct. App. Nov. 30, 2020) (cleaned up) (quoting *Fishel v. Redenbaugh*, 939 N.W.2d 660, 663 (Iowa Ct. App. 2019)), *aff'd*, 959 N.W.2d 670 (Iowa 2021).

The words of subsection (1) entitle Karen to one-half of "the value of all the legal or equitable estates in real property *possessed by*" James. Iowa Code § 633.212(1) (emphasis added). So, as to the property at issue here, the statute plainly entitles Karen to one-half of James's *equity* in the property, that is, the value of the property minus the mortgage obligation. But nothing in the statute suggests that Karen is entitled to a *greater* interest in the property than what James possessed. So, because James didn't own the property free and clear, Karen isn't entitled to have the property free and clear, either. Certainly, the statute doesn't obligate the other heirs—Corrie and Jonah—to pay off the whole mortgage so that Karen can have the property free and clear.

Karen does not argue otherwise. She points to no language in section 633.212 that would obligate the other heirs to pay the whole mortgage for Karen's benefit.

Instead, Karen argues that, because she was not a party to the mortgage, two cases—*Haynes v. Rolstin*, 145 N.W. 336 (Iowa 1914) and *Dalton v. Dalton*, 159 N.W. 992 (Iowa 1916)—require the mortgage to be satisfied first from Corrie and Jonah's portion of the inherited property. But *Haynes* and *Dalton* rely on statutes and cases that long predate the enactment of our current probate code. *Cf.* 1963 Iowa Acts ch. 326, § 212. And the holdings in *Haynes* and *Dalton* are plainly inconsistent with our current code—particularly section 633.212, which

expressly states what a surviving spouse "shall receive" *but does not* empower the surviving spouse to require other heirs to satisfy mortgages on the decedent's real property. *Compare Haynes*, 145 N.W. at 336, *and Dalton*, 159 N.W. at 993–94, *with* Iowa Code § 633.212(1). So we do not believe *Haynes* and *Dalton* govern. Rather, we think the case is governed by the plain language of section 633.212.

Karen argues that a different outcome is required because the property is her homestead. We disagree. The legislature has addressed the "homestead" in several statutes. For instance, chapter 561 is entitled "Homestead," and its focus is homestead rights. The homestead is also addressed in the probate code, chapter 633. *See* Iowa Code §§ 633.239, .240. For example, section 633.240 permits a surviving spouse to elect to receive a life estate in the homestead "*in lieu of* the spouse's share in the real property possessed by the decedent." (Emphasis added.) But section 633.212, subsection (1)—the provision on which Karen's case depends—makes no distinction between homesteads and other real property. It does not mention the "homestead" at all. *Compare* Iowa Code § 633.212(1) (making no reference to "homestead"), *and* § 633.212(4) (distinguishing between the "homestead interest" and other "real . . . property"). Nor does Karen cite any other statute that entitles a surviving spouse to take title to the homestead free and clear of any encumbrance. Nor does Karen cite any statute that requires other heirs to satisfy encumbrances on the homestead for the benefit of the surviving spouse.[3] If the legislature had intended to grant such important rights to the

---

[3] Iowa Code section 633.239 does provide:
> The share of the surviving spouse in such real estate shall be set off in such manner as to include the homestead, or so much thereof as will be equal to the share allotted to the spouse pursuant

surviving spouse—and to place such onerous burdens on other heirs—we think the legislature would have said so. It did not.

For these reasons, we conclude Karen has shown no error in the district court's ruling. So we affirm.

**AFFIRMED.**

---

to section 633.238 unless the spouse prefers a different arrangement, but no such different arrangement shall be allowed unless there is sufficient property remaining to pay the claims and charges against the decedent's estate.

However, section 633.239 applies when a surviving spouse elects to take against a will. Because James died intestate, section 633.239 is inapplicable to this case.