WALTER, Respondent, *vs.* McSHERRY, Appellant.

1. Where a circuit court, to which an action of forcible entry and detainer has been taken by *certiorari* from a justice of the peace, orders a bond to be given "in addition to" the one originally taken, such additional bond does not supersede the original one. (SCOTT, J., dissenting.)

*Appeal from St. Louis Court of Common Pleas.*

For a statement of the facts, see the preceding case of *Walter* v. *Tabor*. The present suit was brought upon the original *certiorari* bond therein referred to. There was a judgment for the plaintiff below.

*J. R. & R. F. Barret*, for appellant.

*Reber* and *Hart*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The difference between this case and that of *Walter* v. *Tabor*, is, that there, the recognizance sued upon was the new one entered into in the court below, upon an order of that court requiring a further recognizance with sufficient security to be given "in addition to" the recognizance already taken; and that here, the suit is upon the original recognizance. We think it was competent for the court to take

an additional recognizance, without superseding the old one, (R. C. 1845, tit. Forcible Entry and Detainer, art. 2, sec. 28,) and having expressly done so, the transaction ought to take effect accordingly, and not be construed so as to deprive the plaintiff of any of the security intended for him, the whole being found insufficient. What would have been the proper construction of the transaction, in the absence of any expressed intention, is not involved in the case, and we express no opinion upon it, either way. Judge Ryland concurring, the judgment is affirmed.

SCOTT, J. In my opinion, the bond of McSherry was superseded by the bond subsequently given. The court possessed no authority to take bonds in the manner that was practiced in this case.