J. B. C. LUCAS, Respondent, v. JOHN F. FALLON *et al.*, Appellants.

St. Louis Court of Appeals, April 15, 1890.

1. **Forcible Entry and Detainer:** AMENDMENT. The circuit court, on appeal from the judgment of a justice of the peace in an action of unlawful detainer, may allow an amendment of the complaint, increasing the claim for damages.

2. ———: NEW BOND. Circumstances considered, and an order in the circuit court requiring additional bond *held* erroneous in requiring such bond for an excessive amount.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*T. J. Rowe*, for the appellants.

*Lee & Ellis* and *Montague Lyon*, for respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action of unlawful detainer. The plaintiff had a judgment in the justice's court for restitution, and seven hundred and seventy dollars for monthly rents and profits and seven hundred and sixty dollars' damages. The defendant appealed to the circuit court and gave an appeal bond in the sum of sixteen hundred dollars.

The original complaint before the justice laid the damages for the detention of the premises at the sum of one hundred dollars, and claimed one hundred and fifty dollars as the monthly rents and profits. In the circuit court the plaintiff was permitted to amend his complaint by increasing the damages to the sum of one thousand dollars, leaving his claim for rents and profits the same as before. On motion of the plaintiff, the circuit court made a rule on the defendants to give a new appeal bond in the penal sum of four thousand dollars. This ruling was made on a motion, grounded on the allegation that the original appeal bond had become insufficient in amount. The defendants failed to give the new bond within the time prescribed by the order of the court, and their appeal, therefore, was dismissed, which resulted in leaving the justice's judgment in force.

I. The first assignment of error is that the circuit court erred in allowing the plaintiff to amend his complaint, as above stated, and also that it erred in allowing the amendment to be made unconditionally. We are of opinion that, on an appeal from the justice of the peace, in an unlawful detainer case, the circuit court may allow the complaint to be amended by increasing the damages, and have so decided in *Elliott v. Abell*, 39 Mo. App. 346, at the last term. The statute fixes no limit to the amount of damages which may be laid in a complaint of forcible entry and detainer or unlawful detainer, and, therefore, the court had a discretion to allow this amendment ; nor does the record present anything which indicates that the discretion was abused in this instance, because the amendment was not allowed upon terms.

II. The next assignment of error is that the court erred in ordering the defendants to give the new and additional appeal bond in the sum of four thousand dollars, as above stated, and erred in dismissing their

appeal because of their failure to give it. It is not questioned that the court had power to order them to give it (Revised Statutes, 1879, section 2486), or to dismiss the appeal for the failure to give it (section 2488); but the argument is that the discretion was abused in this instance, in exacting a bond in so large an amount. The action was commenced February 12, 1889. The justice's judgment was rendered April 17, 1889, and was, upon its face, wholly unauthorized in amount and flagrantly excessive. The order to give the new appeal bond was made on July 3, 1889. The order dismissing the appeal was made on July 16, 1889. The monthly rents and profits laid in the complaint were one hundred and fifty dollars, and the effect of dismissing the appeal was to subject the defendant to a judgment of three thousand and seventy dollars up to that date, running with an increase of seven hundred and seventy dollars per month, when, according to the plaintiff's own claim before the justice and in the circuit court, he was entitled only to one thousand dollars, running with an increase of three hundred dollars per month, at the outside. It is clear that the cause could have been tried before enough rents and profits could have accumulated, in addition to the amount of the damages laid in the amended complaint, to render necessary so large a bond, especially in view of the rule in *Walter v. McSherry*, 21 Mo. 76, that the new bond in such a case is cumulative, and does not discharge the old one. The order thus imposed on the defendants, the necessity of furnishing sureties to the aggregate amount of fifty-six hundred dollars, or else of going out of court without a trial and submitting to the wholly unwarranted judgment of the justice. Assuming that, in the state of the docket of the circuit court, the cause could not be reached and tried before the October term, and that a delay of ten months might, therefore, elapse before restitution,—still, it

would seem that an additional bond in the sum of twenty-five hundred dollars would have been amply sufficient to cover all prospective damages and rents and profits, although doubled under the statute. We think the case, under its peculiar facts, shows that the court exercised its discretion unsoundly, in dismissing the appeal for failure to give the additional bond in the sum demanded.

The judgment will be reversed and the cause remanded. All the judges concur.