L. M. KELLOGG, Respondent, v. ABEL LINGER *et al.*, Appellants.

Kansas City Court of Appeals, January 28, 1895.

1. **Justices' Courts:** LANDLORD AND TENANT: APPEAL BONDS. Whether sections 6400 and 6340 authorizes the taking of a new appeal bond after the case is pending in the circuit court, *quære.*

2. ———: ———: ———. Under the landlord and tenant statute, the circuit court on appeal has no authority to order a cumulative or additional bond, but the bond ordered must be the appeal bond, without reference to the insufficient one approved by the justice. Landlord and tenant and forcible entry statutes are discussed, as also section 6340, and *Walter v. McSherry,* 21 Mo. 76; *Lucas v. Fallon,* 40 Mo. App. 553.

3. ———: ———: ———. Though in this case the landlord and tenant and forcible entry statutes were alike, the *Walter case* would not be authority, since the circuit court merely ordered a new bond, and did not intend it as an additional bond to the one already given.

4. **Jurisdiction:** JUSTICES' COURTS: CIRCUIT COURT. The rule that no presumption is indulged as to the jurisdiction of inferior courts, which must be made affirmatively to appear, has no application in this case, since there is an appeal to the circuit court, which entertained the jurisdiction and thereby made room for the presumption, which attends the action of courts of superior jurisdiction, to wit, that they had jurisdiction until the contrary appears.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED in part and REVERSED in part.

*Griffin* and *Nearing* for appellant.

(1) The petition did not state a cause of action, and was fatally defective in omitting to show affirmatively the justice's jurisdiction. R. S., sec. 6392; *Mcquoid v. Lamb*, 19 Mo. App. 153; *Schell v. Leland*, 45 Mo. 289; *McKinsey v. Harrol*, 31 Mo. App. 41; *Tegler v. Mitchell*, 46 Mo. App. 349; *Allen v. Scharrenghausen*, 8 Mo. App. 229. (2) The court erred in giving judgment on the first bond filed. (3) The court ruled that both bonds were in force and rendered judgment for the plaintiff on both. In other words, the court ruled that the second bond was merely supplemental to the first. The defendant contended at the trial, and now contends, that the second bond was a substitution for, and superseded, the first bond; that, on the second bond being given, the first became a nullity.

*W. G. Scarritt* and *J. K. Griffith* for respondent.

(1) If this were a suit before a justice of the peace under the landlord and tenant act or in forcible entry and detainer, the authorities cited by the appellants would have some application, but it is a suit on two bonds, and it is alleged in the petition that they were executed by the defendants, and the bonds are set out in *haec verba*, and a breach of the conditions of said bonds is laid. This, of itself, constitutes a cause of action, and if any other facts should have been stated, the most that can be urged against the petition is that it states the cause of action defectively. Such an

error is cured after verdict, since defendants did not take advantage thereof, either by demurrer or by motion, but answered to the merits. *Bank v. Leyser,* 116 Mo. 73; *State v. Pace,* 34 Mo. App. 460; *Lycett v. Wolff,* 45 Mo. App. 493; *Hunt v. Ash Grove,* 96 Mo. 168. (2) Besides, the proceedings before the justice show on their face that he did have jurisdiction. *Karnes v. Alexander,* 92 Mo. 671. (3) It was the duty of the justice, before allowing the appeal, to require defendant to give a good and sufficient bond, as required by Revised Statutes, 1889, section 6400, and, if a bond should be taken which is insufficient in amount, as in this case, to secure the payment of all damages, costs and rents, the circuit court on appeal could not do otherwise than allow the appellant, on plaintiff's motion therefor, to give a good and sufficient bond or bonds. R. S. 1889, sec. 6340; *Bagley v. Kelley,* 38 Mo. App. 623; *State v. Thompson,* 81 Mo. 166; *Goetz v. Ambs,* 22 Mo. 170. (4) The circuit court ordered, and the defendant filed, a new appeal bond in this case, in the sum of $750, at which time more than that amount of rent and costs had accrued; neither the new or the old bond, singly and alone, is sufficient to cover the amount of the rent which the court found to be due in the landlord and tenant suit; under these circumstances the second bond will be taken to be cumulative. *Walter v. Tabor,* 21 Mo. 75; *Walter v. McSherry,* 21 Mo. 76; *Lucas v. Fallon,* 40 Mo. App. 553; *Chester v. Broderick,* 30 N. E. Rep. (N. Y.), 507; *Manufacturing Co. v. Ponder et al.,* 18 S. W. Rep. (Tex.), 152.

ELLISON, J.—This action is on two appeal bonds. Plaintiff recovered.

Plaintiff instituted an action before a justice of the peace, under the landlord and tenant statute, for the

possession of certain premises and the rent due thereon.
He obtained judgment before the justice and defendant
appealed to the circuit court, first giving an appeal
bond, as required by statute, the sum fixed being $500.
While the case was pending in the circuit court, plain-
tiff, by motion, asked the court to require defendant to
give a "new bond." The court sustained the motion
and required defendant to give a new bond in the sum
of $750. Defendant executed the latter bond, giving
as security the same party who signed the first bond.
Afterwards plaintiff recovered judgment for an amount
in excess of the amount of either of the bonds alone, but
not in excess of them combined. Plaintiff instituted the
present action, declaring in separate counts on both
bonds. He recovered $97.50 on the first count and
$750 on the second count which declared on the last
bond. The question is, did the last bond supersede the
first one and operate as a substitute for it?

The first bond was taken by the justice of the peace
under section 6400, Revised Statutes, 1889, which pro-
vides for a bond as in ordinary appeals from a justice of
the peace, except that there shall be included therein
conditions for damages, costs, rent due and to accrue,
and waste. The second bond was, according to the
apparent concession of the parties, taken under the pro-
visions of section 6340, which reads as follows: "No
appeal allowed by a justice shall be dismissed for want
of an affidavit or recognizance, or because the affidavit
or recognizance made or given is defective or insuffi-
cient, if the appellant or some other person for him will
before the motion to dismiss is determined, file in the
appellate court the affidavit required, or enter into such
recognizance as he ought to have entered into, before
the allowance of the appeal, and pay all costs that shall
be incurred by reason of such defect or omission, with
respect to such affidavit or recognizance."

It will be noticed that the two sections, 6400 and 6340, considered together, do not in terms authorize the taking of a new appeal bond, after the case is pending in the circuit court. The *appeal*, under the landlord and tenant statute, is to be *allowed* by the justice in the same manner it is allowed in ordinary cases. The manner of the allowance of an appeal in ordinary cases is provided for by section 6328, and does not embrace procedure *after* the appeal is allowed and the cause is pending in the circuit court. In the forcible entry and detainer statute, provision is made as to the procedure after the case reaches the circuit court, section 5154, but a like provision is not found in the landlord and tenant law. Since no point is made on this phase of the case, we will assume, without deciding, that the statutes aforesaid afford authority to the circuit court to order a new bond, and address ourselves to the question whether such "new bond" supersedes the old one. The statute is that when it appears upon motion that the bond taken by the justice is insufficient, the court will not dismiss the case, if the appellant will "enter into such recognizance as he ought to have entered into before the allowance of the appeal." In other words, the circuit court requires him to give the bond which the case shows he should have given when he took his appeal. So it appears that when he exe cutes a new bond, it is the bond he should have exe cuted in the first instance and must stand as and foi an original bond superseding the improper bond. The bond which an applicant should execute before the allowance of his appeal is, of course, such a bond as will, under the statutes, answer all the purposes of the case appealed. So, when an appellant executes a new bond in the circuit court—such a one as should have been executed in the first instance—the statute contemplates that it shall be such a one as will

answer the full necessity of the appeal from the beginning.

It is true that in some instances a reasonable length of time may expire before a case will reach a trial in the circuit court, and therefore it will frequently happen that a bond, thought in the first instance to be sufficient in amount to secure the accruing rent, will become insufficient on account of the protracted litigation. But the fact remains, that a sufficient bond was not taken, though this only becomes apparent for the first time as the case is protracted beyond an' ordinary length.

We are referred to two cases which are said to sustain plaintiff's contention that he has a right to maintain an action on both bonds, viz., *Walter v. McSherry*, 21 Mo. 76, and *Lucas v. Fallon*, 40 Mo. App. 553. We think that neither of these are in point. The first one arose under the forcible entry and detainer statute of 1845, section 28, article 2, of that statute is as follows: "The circuit court may in any case, where it shall appear that the amount or security in a recognizance is insufficient, or for any other substantial defect, order a new recognizance to be filed within such time as shall not delay the trial." The court is by that statute authorized to order a new bond to be filed,—the statute is silent whether the new bond shall be instead of the old one. But the court there upheld (SCOTT, J., dissenting) the action of the circuit court in ordering the appellant to give "*in addition to the bond already given*," a further bond; and held that such further bond did not supersede the first one, since the circuit court had expressly stated it was an additional bond. But the supreme court was careful to add that no decision was made of the question, where no expressed intention of the circuit court appears.

The second of the two cases referred to was also

under the forcible entry and detainer statute, which gives express authority to order a new bond, and Judge THOMPSON casually remarks that the new bond given in the case he was discussing was cumulative and cites *Walter v. McSherry, supra*. It does not appear from the opinion whether the order for a new bond expressed that it should be in addition to the old one. If it did not, we have just seen that *Walter v. McSherry* would not be authority for the remark. As before remarked, the authority cited by plaintiff fails to sustain his position and we are left to the statute of landlord and tenant, with the aid we have allowed it to take from the general statute as to appeals from justices of the peace. Those statutes, as we have seen, are not like the forcible entry and detainer statute. The latter merely authorizes a new bond. The former authorizes a new bond and, in effect, prescribes what kind of a bond it shall be. Our opinion, therefore, is that under the landlord and tenant statute, the circuit court, on appeal, has no authority to order a cumulative or additional bond, but that the bond ordered must be the appeal bond, without reference to the insufficient one approved by the justice. It may be well enough to remark here that, even if the statutes of landlord and tenant and forcible entry and detainer were alike, the case of *Walter v. McSherry, supra*, would not be an authority for plaintiff, since, in this case, the circuit court merely ordered a new bond and there is nothing expressed to show that it was intended as an additional bond to the one already given. This case, if the statutes were alike, would fall under that portion of the *Walter case* where the court refused to express an opinion. The result of our conclusion on this branch of the case is that we will sustain plaintiff's action on the last bond and reject it on the first.

But defendant interposes an objection to any

recovery on the ground that the petition fails to state a cause of action, in that it fails to allege that the justice of the peace had jurisdiction of the original action for the recovery of the rent. This is based on the idea that no presumption is indulged as to the jurisdiction of inferior courts, and that it should be made to affirmatively appear. This case is not one for the application of such rule. While the original action was begun before a justice of the peace, yet the petition shows that it was appealed to the circuit court, and that that court entertained jurisdiction. The latter court's jurisdiction was derivative and if the justice had no jurisdiction, neither had the circuit court. The fact, then, that the circuit court asserted its jurisdiction makes room for the presumption which attends the action and adjudications of courts of superior jurisdiction, viz., that they have jurisdiction of the given case until the contrary appears. From these considerations, we must rule the point against the defendant.

We will, therefore, reverse the judgment as to the first count in the petition, which declared on the first bond, and affirm the judgment on the second count, which declared on the new bond. All concur.