IN RE ESTATE OF SARAH AMICK.

No. 44487.

OCTOBER 25, 1938.

Carlos W. Goltz, for appellant.

W. A. Dutton, for appellees.

STIGER, J.—Sarah F. Amick died testate in February, 1933. The will nominated Mattie Brostrom, a daughter of deceased, and a son, Charles A. Amick, executors. She devised her residence described as lots 19 and 20, Block 3, Bronson, Iowa, to her children, Daniel Amick, Theodore Amick and Ella Brookhart. The residue of her estate was divided equally among her twelve children subject to deductions for indebtedness. The executors were appointed and qualified in 1933.

On August 10, 1937, R. A. Oliver, guardian of the property

of Mary Elizabeth McKnight, a daughter of deceased, brought this action for the removal of the executors. The application for removal alleges that the executors failed to list in their inventory all the assets of the estate; failed to seasonably apply for authority to sell property to pay claims against the estate; failed to account for assets of the estate, and, in general, mismanaged the estate.

The executors filed a resistance to the application, a hearing was had and the trial court dismissed the petition.

Section 12066 reads in part as follows:

"12066. Removal of executor. After letters testamentary, of special administration, or of administration with the will annexed, or general administration, shall have been granted to any person, he may be removed by the court or judge thereof, when the interests of the estate require it, for any of the following causes:

"2. When he shall fail or refuse to return inventories or accounts of sales of the estate, or to make reports of the condition thereof, or fails or refuses to comply with any order of the court or judge thereof, or fails to seasonably apply for authority to sell personal or real estate for the payment of debts or claims against the estate when it shall be necessary for him to do so, or fails or refuses to discharge any of the duties prescribed for him by law, or shall be guilty of any waste or maladministration of the estate, or where for any other reason it appears for the best interests of the estate."

The principal asset of the estate was a $17,000 judgment against Elvern S. Wendel obtained in an action for foreclosure of a real estate mortgage. Mattie Brostrom was appointed receiver by the foreclosure decree. Other property belonging to the estate consisted of 33 acres of land in Woodbury County, lots 19 and 20, Block 3, Bronson, Iowa, notes given to testatrix by some of the children which were uncollectable except as offsets at the time of distribution and a small deposit in a closed bank.

The only property listed in the original inventory filed September 7, 1933, was the $17,000 Wendel judgment. The preliminary inheritance tax report, also filed on September 7, listed the Wendel judgment and the Bronson lots as all the assets of the estate.

In November, 1935, Mattie Brostrom filed a report in which

she stated that the estate consisted of a foreclosed mortgage which was uncollectable because of the Moratorium Law and that the estate had derived no income from any source. This latter statement was untrue because as hereafter shown Mrs. Brostrom had collected rents from the 33 acres. After this action was commenced, Mrs. Brostrom filed a supplemental inventory in which she, for the first time, listed as assets of the estate, the 33 acre tract of land, the uncollectable notes and a small deposit in a closed bank. This inventory reveals that she collected the rents from the 33 acres, paid the taxes and insurance and had a balance of $10.56 remaining from the collected rents. She also accounted for the only dividend received from the closed bank.

It further appears that the devisees of the residence property were unable to rent it and the house stood vacant for many weeks. Dan Amick, one of the devisees of the home, testified:

"I lived in the house at Bronson after my mother's death and left there about a year ago. After I left I went out and tried to rent it, but didn't rent it and the house stood vacant for weeks. My sister, Mrs. Brostrom, was the one that finally rented it to a fellow by the name of Elmer Mizer. I never asked her for any of the rent."

Mrs. Brostrom rented the residence property for the owners for $5.00 a month, collected the rent but did not receive a sufficient amount to redeem the place from the delinquent taxes and holds the amount collected for the benefit of the devisees or for such disposition as the lower court might direct. No objection was made to the renting of this property by Mrs. Brostrom by the owners.

We are satisfied, as the trial court must have been, that the executors conserved and accounted for all of the assets of the estate and the income received. Charles Amick, co-executor with Mrs. Brostrom, lived in South Dakota, and, while she often consulted him, she was the executrix, who, of necessity, was in active charge of the estate. She testified the omission of the 33 acres from the inventory was unintentional. Mrs. Brostrom did not open an account at the bank as executrix but secured, as executrix, a safety deposit box at the bank and deposited all the cash rents received and other personal property in the estate box. When a sufficient amount of money accumulated, she would apply the same to the payment of taxes and insurance on estate prop-

erty. She further testified that she did not inventory the debts of the children of decedent because they were worthless except as set-offs and she did not think it necessary to inventory them. The executors could not collect the Wendel judgment because of extensions of the period of redemption under the Moratorium Acts. None of the heirs or creditors requested the executors to sell property for the purpose of paying debts and closing the estate nor did they require the executors to show cause why the property should not be sold, but apparently acquiesced in the judgment of the executors that the sale of the property and closing of the estate should be delayed.

Code section 12066 provides that executors may be removed by the court, when the interests of the estate require it, for certain causes. The removal of the executors under this section was discretionary with the trial court. Mrs. Brostrom, a housewife, was not familiar with some of the statutory requirements. There is no evidence of waste, maladministration, disobedience of court orders or misappropriation of funds. She kept an accurate account of all receipts and disbursements and used the funds received for the preservation of the estate. The record fairly discloses that she was, in fact, faithful to the trust.

The inadvertent failure of the executors to list certain assets and to sell property for the payment of debts did not result in loss to the estate and would not, under this record, necessarily require their removal. The conclusion of the trial court that the best interests of the estate did not require the removal of the executors is fully justified by the evidence. Manifestly, there was no abuse of discretion by the trial court. The order appealed from is affirmed.—Affirmed.

SAGER, C. J., and HAMILTON, RICHARDS, KINTZINGER, DONEGAN, and MILLER, JJ., concur.