IN RE ESTATE OF ISIDORE A. DAVID.
DAVID S. DAVID et al., Appellants, v. MARTHA B. DAVID,
Executrix, Appellee.

No. 44879.

NOVEMBER 14, 1939.

REHEARING DENIED MARCH 16, 1940.

David, Jones & David, McCoy & McCoy, and E. L. Carroll, for appellants.

Healey & Reynolds, for appellee.

OLIVER, C. J.—The will of Isidore A. David, deceased, was admitted to probate in 1931, and his widow, Martha B. David, appointed executrix. Under said will the estate passed in equal shares to the widow, a brother, David S. David, and a sister, Lilly D. Glougie. Objections to the final report of the executrix, by the brother and sister, were largely overruled and objectors appeal.

I. One assignment of error relates to the allowance of fees for attorneys for executrix aggregating $252.92. Half of this amount was allowed an attorney for services rendered in the first period of administration and half to attorneys who are completing the probate. Although the total amount was twice the statutory fee, the record shows that substantial extraordinary legal services were rendered and that the allowance was reasonable and proper. In this connection it may be noted the trial court disallowed the application of the executrix for fees for extraordinary services upon the ground that most of the additional work had been done by the different attorneys for the estate.

II. The trial court allowed the widow to retain certain tools belonging to decedent and the household goods. Appellee bases her right to this property, in part, upon section 11918, Code of Iowa, 1935, which provides that when deceased leaves a widow all exempt personal property shall be set apart

354

to her as her property. However, she was a devisee in the will and under the circumstances was not entitled to the exempt property. Code of Iowa, 1935, section 11847.

Appellee also claims this property under an oral understanding with appellants that they would waive their rights to it in return for certain concessions from her. The record shows a subsequent written agreement for partition and settlement of the estate which provided that it should not affect any personal property and that the same should remain in the hands of the executrix until final settlement. We think this written agreement supersedes any oral understanding.

We conclude the tools and household goods of decedent should be treated as general assets of the estate. Of course, the widow is entitled to retain such property as belonged to her individually. In this latter category is included the electric stove, refrigerator, washing machine, radio, vacuum cleaner, parlor furniture and rugs, and daybed. The record shows these articles were not owned by the husband at his death.

The record further shows the tools and certain furniture inventoried at an estimated value of $76 belonged to decedent. Further determination may be had respecting the ownership of furniture and household goods other than those above-mentioned.

III. Appellants seek to charge the executrix for about $76 which was lost by the closing of a local bank in which estate funds were deposited. This was the bank in which decedent had kept his funds during his lifetime and the executrix continued to deal with it. There was no showing of insolvency of the bank prior to the receivership or that appellee had any knowledge of its failing condition. The court found executrix was not negligent in this respect and exonerated her from personal liability. No error appears here. Andrew v. Sac County State Bank, 205 Iowa 1248, 214 N. W. 24; In re Estate of Workman, 196 Iowa 1108, 196 N. W. 35.

IV. The estate accounts included certain rentals from farm lands in which decedent owned a life interest and appellants the remainder. All 1930 rentals belonged to the estate of decedent but due to his death in August, 1931, it was agreed the rents for that year should be divided equally between the

estate and the remaindermen. From the sale of livestock, produce, etc., turned over by tenants to apply upon 1930 and 1931 rents, the executrix realized a net total of $922.41 from which she distributed to herself $205.43 and to each appellant $358.49. We have carefully checked the necessarily complicated accounts of the executrix upon which these allocations and payments were based and find them correct.

In this connection appellants also claim executrix failed to debit the estate account with $55 for rents collected. However, they appear to have overlooked a debit item of $70 for hogs sold and a credit item of $15 paid for printing notices of the public sale. These two items disclose the $55 which appellants contend was not shown.

As above-noted the 1931 farm rentals were to be equally divided between the estate and appellants as remaindermen. The rents collected by executrix were thus divided. However, appellants themselves collected certain of these 1931 rents and failed to pay the executrix the half belonging to the estate. The trial court found appellants were indebted to the estate upon this item and ordered that no distribution be made to them until it was paid. We concur in this finding and ruling.

V. Various other objections made to the conduct of the affairs of the estate need not be considered in detail. The delay in closing the estate is shown to have been due in part to the failure of appellants to pay inheritance taxes due from them, to pay their part of the costs of administration and to make settlement for rentals collected and retained by them. No loss appears to have been occasioned by permitting the estate to remain open. Moreover, appellant David S. David, a practicing attorney who represented himself and his sister, was conversant with the situation and until August, 1938, took no action to require the executrix to close the estate. Upon the whole record we are satisfied the executrix was true to her trust and that these contentions of appellants are without substantial merit. In re Estate of Amick, 225 Iowa 829, 281 N. W. 786; In re Bourne's Estate, 210 Iowa 883, 232 N. W. 169.

As above-noted the order of the trial court is modified with respect to the household goods and tools belonging to said estate. In all other respects it is affirmed. The costs upon appeal are

356

taxed four fifths to appellants and one fifth to appellee.—Modified and affirmed.

RICHARDS, HALE, MITCHELL, MILLER, BLISS, and SAGER, JJ., concur.