JESSIE (JESSE) O'DAY, Appellee, v. JESSIE (JESSE) O'DAY, Executrix, J. C. HEESE LUMBER COMPANY, Appellees; M. C. DALLY HARDWARE COMPANY et al., Appellants.

No. 45173.

JUNE 18, 1940.

Thomas J. Buckley and Dan. J. Buckley, for appellants.

White & White, for Jessie (Jesse) O'Day and Jessie (Jesse) O'Day, executrix, appellee.

More & More, for the J. C. Heese Lumber Company, appellee.

MITCHELL, J.—Mike O'Day, a farmer, died testate July 22, 1938. By the provisions of his will, he devised and bequeathed all of his real and personal property to Jessie O'Day, his wife. She was appointed executrix of his will and duly qualified.

Mrs. O'Day filed an application to have the exempt property set off to her as provided by Code section 11918. Certain of the creditors of the estate, who had filed claims, objected, setting up as a defense that the widow by taking under the will had waived the exemption and claiming that Code section 11847 so provided. The lower court ordered that the exempt property be set off to the widow, and that the nonexempt property be exhausted by lien holders before resorting to the exempt property. Some of the claimants have appealed.

There is little if any dispute in the facts.

Mike O'Day was at the time of his death a farmer and the owner of the property asked to be set off as exempt. Under the terms of his will all of his property, both real and personal, was devised to his wife, and she was named executrix.

There are two questions that confront us. First, does a widow, who is the sole beneficiary, by taking under the will, waive her exemptions?

Code section 11847 does not provide that exempt property passing by will to the widow loses its exempt quality. It only provides that a widow cannot take a devise under a will and have in addition thereto distributive share, homestead, and exemptions.

The words in the cited statute "in lieu of" refer to the quantity of property and do not change the quality or character of the property. In other words, in the absence of a showing that the intention was clear and explicit to the contrary, the widow cannot claim a right to her distributive share, the homestead, or the exempt property in addition to the property devised under the will. But if the property devised under the will happens to be the homestead or other exempt property, the fact that she takes such property under the will

does not change its quality or character. It still remains exempt property.

Any contrary statements in the case of Caldwell v. City of Ottumwa, 198 Iowa 666, 200 N. W. 336, are overruled as to the character of the property, but not in regard to the quantity of the property that the widow may take.

In the very recent decision of this court in the case of In re David's Estate, 227 Iowa 352, 354, 288 N. W. 418, 419, speaking through Justice Oliver, we said: "However she was a devisee in the will and under the circumstances was not entitled to the exempt property, Code of Iowa, 1935, section 11847."

In the case at bar, the widow under the terms of the will inherited all the property. She is not asking any additional property be set aside to her, but she is simply asking that she be granted the exemptions the statute gives her.

In the case of Swisher v. Swisher, 157 Iowa 55, 67, 137 N. W. 1076, 1080, this court said:

"Do these sections or either of them expressly or impliedly provide that a widow's acceptance of a devise to her of the exempt property shall have the effect to destroy its exempt character in her hands and subject it to sale for the satisfaction of debts not one of which comes within the favored classes mentioned by the statute, and not one of which was contracted upon credit of its ownership by the debtor? * * *

"It will be observed that section 3270 couples together and subjects to the same conditions the widow's distributive share, her homestead, and the other general exemptions provided by law in favor of the family, and if interveners' contention is right, and the acceptance of a devise of such property waives the exemptions provided by statute, then she may hold absolutely nothing against the demands of her husband's creditors, and they may take from her the last fraction of his estate and throw her and her children penniless upon the world. To so hold is to say that, while the court will protect the homestead against creditors even where the debtor voluntarily conveys it to

a stranger with intent to defraud, yet, if the debtor gives it by his will to the wife whom he is bound by the most sacred of ties to provide for and protect, the creditors may intervene and absorb the estate to the last dollar. If they may take the homestead, then by the same token and the same process of reasoning they may take her dower or distributive share, the family horse, the last cow, and all the other items of comfort and necessity which the statute has sought to preserve for the benefit of the family.''

If we were to give the interpretation of appellants to Code section 11847, it would take from Mrs. O'Day, the widow, property which was exempt to her husband during his lifetime, and would permit 'the creditors to take all of the property. We cannot so interpret this section, and the lower court was right in setting off the exemptions.

█ The second question is whether the court was correct in ordering that the nonexempt property be exhausted by the lien holders before the exempt property or any of it was proceeded against.

Certain of the exempt property had been mortgaged by Mike O'Day during his lifetime.

In the case of Wilson v. Hardesty, 48 Iowa 515, 517, this court said:

''We think these two sections clearly indicate that when a widow elects to take her distributive share under the law, and when such share embraces a part or all of the homestead, she does not surrender the right to have the property, other than that set apart to her, first exhausted in the payment of a mortgage lien upon the whole premises.

''She takes her distributive share free of her husband's debts, and it so far retains its homestead character that the other property included in the mortgage in which she joined must be first exhausted.''

In Westgrove Savings Bank v. Dunlavy, 190 Iowa 1054, 1060, 181 N. W. 404, 406, this court said:

654

"The court held that, under the evidence, the property claimed was exempt, and held that, where a debtor's exempt and nonexempt property is covered by a mortgage, his right to have the latter exhausted first is superior to any right of the holder of a second mortgage of nonexempt property to have the exempt property first applied on the first mortgage. We think the court was right in thus holding."

Clearly it seems to us that it was the intention of the legislature in the enactment of section 11918, Code of 1935, to set off to the widow the exemptions so that she could continue as best she could to provide for the surviving family.

No credit was extended to Mike O'Day because of his exempt property, and in order for the exemptions to be of any value or effective in carrying out the purpose of the exemption statute the chattel liens must be removed from them, as far as possible, by first exhausting the nonexempt property, and the lower court was right in so holding.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.