## GLASSMAN CONSTRUCTION COMPANY, INC., ET AL. *v.* BALTIMORE BRICK COMPANY

[No. 284, September Term, 1966.]

*Decided April 18, 1967.*

The cause was argued before HORNEY, MARBURY and Mc-WILLIAMS, JJ., and CHILDS and MELVIN, JJ., Associate Judges of the Fifth Judicial Circuit, specially assigned.

*Joseph V. Gartlan, Jr.,* with whom was *James J. Cromwell* on the brief, for appellants.

*Dewey B. Morris,* with whom were *Jesse Slingluff* and *Jerrold V. Powers* on the brief, for appellee.

CHILDS, J., by special assignment, delivered the opinion of the Court.

In this summary judgment action, the matter of double payment contends with that of windfall. Our task has been rendered somewhat less arduous through stipulation. The appellants, respectively, were the general contractor (Glassman) and Home Indemnity Co. (Home) as surety for the construction of an apartment project known as Plaza Towers East. Both executed a bond conditioned upon the payment of all claims for labor and materials used in connection with the project.

Glassman subcontracted the masonry work to Consolidated Masony and Fireproofing, Inc. (Consolidated) which purchased its materials from the plaintiff-appellee Baltimore Brick Company (Baltimore). Commencing on February 3rd and continuing through July of 1964 Baltimore supplied materials to Consolidated for Plaza Towers in amounts corresponding to the following monthly values:

| | |
|---|---:|
| February | $ 3,544.23 |
| March | 6,647.84 |
| April | 6,590.40 |
| May | 5,661.31 |
| June | 4,693.75 |
| July | 670.53 |
| | $27,808.06 |

In payment under the masonry subcontract Glassman issued its checks made payable jointly to Consolidated and Baltimore on the indicated dates, and Baltimore duly credited Consolidated for the following payments:

| | |
|---|---:|
| March 6, 1964 | $ 3,600.00 |
| April 28, 1964 | 4,500.00 |
| May 8, 1964 | 8,649.47 |
| June 8, 1964 | 5,572.61 |
| July 22, 1964 | 1,000.00 |
| | $23,322.08 |

Each of the checks bore the following notation:

"Note: Two Endorsements Required

The Undersigned Endorser(s) in Consideration of the Issuance of this Check, do hereby Waive and Release to the Extent of the Full Face Value Hereof any Right any of them may have to Claim a Mechanic's or Materialmen's Lien or to Assert any Claim Under any Bond Given by the Payer Hereof as Principal, for any Work Done for or Materials Furnished to the Payer Hereof or any other Payee or Payees Named Herein on or About the Construction, Repair or Improvement of the Job Designated on the Reverse Side Hereof."

The first check which Glassman issued, and the only one of its checks involved in this controversy, was endorsed by Baltimore and delivered to Consolidated. It was stipulated by the parties (a) that this check was in payment for bricks delivered, and (b) that at the time of endorsement of this check by Baltimore and delivery thereof to Consolidated, Baltimore accepted *in lieu thereof* Consolidated's check in like amount which was deposited in plaintiff's account on March 10, 1964, and was dishonored for insufficient funds when presented for payment. Subsequently, Consolidated furnished to Baltimore yet another of its checks in like amount *in lieu of* the dishonored check. This second check was certified. (Italics by the Court.)

Consolidated subsequently defaulted in the performance of its subcontract, and Glassman was required to complete the work at a higher cost to it than the unexpended balance of the subcontract price. When Baltimore failed to receive the remainder of its material charges, on September 28, 1964 it made demand of Glassman and Home. Payment was refused, whereupon Baltimore and Plaza's owner brought suit on the bond in the Circuit Court for Prince George's County joining Consolidated, Glassman and Home. The case was submitted under summary judgment proceedings on a stipulation of material facts, the pertinent parts of which were recited above.

Judge Parker, after hearing arguments and receiving briefs found in favor of Baltimore on all disputed points. He ruled that

notice required under the bond was timely; that Baltimore was entitled to a judgment for materials in the amount of $4,364.28; [1] that interest was due on the unpaid obligation from September 28, 1964. Consolidated, being in receivership, did not appeal.

The only point urged for our consideration on appeal is whether or not Glassman and Home were entitled to credit for the certified check from Consolidated to Baltimore *in addition* to Glassman's check of March 6, 1964 for $3,600.00. The appellants' position is somewhat difficult to understand particularly in view of the stipulation.

> "Where such a stipulation is agreed to by counsel, the orderly trial of the case demands that the parties be bound thereby."

*Bloom v. Graff,* 191 Md. 733, 736, 63 A. 2d 313.

Appellants seem to take the position that *in lieu of* means *in addition to,* for, they insist, that since Baltimore under its endorsement was required to give credit to Consolidated for Glassman's check of $3,600.00 then Consolidated's check given Baltimore *in lieu of* Glassman's check must be credited in addition as a payment on open account between Baltimore and Consolidated. We do not agree.

Black's *Law Dictionary,* 4th Edition, 896 defines *in lieu of* as "instead of; in place of; in substitution of." It does not mean "in addition to." 21A *Words and Phrases* 186, *Walter v. McSherry,* 21 Mo. 76. Therefore, whatever may have been the circumstances surrounding the exchange of checks between Baltimore and Consolidated in the first instance, the wording of the stipulation lends itself to no other interpretation. As Judge Parker aptly pointed out, had the certified check not been collected, Glassman and Home would not have been held accountable. How, then, can they claim their liability should be reduced when in fact they had no liability whatsoever for anything the latter check covered? To accept appellants' theory would be tantamount to charging Baltimore $3,600.00 for having Consolidated cash Glassman's check.

---

1. The difference between the material costs less checks credited and the amount of the judgment was supplied by cash discounts.

■■■■■■■■

Appellants stated in argument, and we agree, that the court should give effect to the intentions of Baltimore and Consolidated. We can conceive of no more logical effect than that given by the lower court. The situation, as basically as it can be stated, was that Baltimore furnished more material than it had been compensated for, and it was entitled to the protection afforded by the bond. Appellants' insistence that supplier must credit the accounts of its customers with all payments made "on account" overlooks the fact that suppliers are likewise entitled to debit payments made to customers. In this case, the accounts between Baltimore and Consolidated technically could show a debit for the material furnished; credit for the Glassman check; a debit when that check was given Consolidated; a credit when Consolidated delivered its worthless check; a debit when the check was returned unpaid; a credit when the certified check was received. The net result would have been the same, the difference being that Baltimore arrived at that result with a minimum of bookkeeping entries. There was no reason whatsoever for Baltimore to afford an additional $3,600 windfall to Glassman and Home.

While we have not been requested to review the further action of Judge Parker in this case, we nevertheless concur with his holdings on all questions.

*Judgment affirmed.*
*Appellants to pay the costs.*