Mary WOLDER, Appellant,

v.

Clare J. RAHM, as Administrator of the Estate of Herbert C. Merillat, Appellee.

No. 2–57863.

Supreme Court of Iowa.

Jan. 19, 1977.

W. Lawrence Oliver, Des Moines, for appellant.

Paul Moser, Jr., Des Moines, for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

In this appeal we confront the issue whether a person whose probate claim has become barred by failure to file the statutory request for hearing following its disallowance may thereafter maintain a civil action against the personal representative based on the same tort.

Dr. Herbert C. Merillat, a specialist in internal medicine and psychiatry, died January 13, 1974. An estate was opened on petition of this plaintiff as creditor.

June 4, 1974, plaintiff filed a $150,000 claim in Merillat's estate, alleging malpractice in prescribing and administering overdoses of various narcotic drugs to the extent of making the claimant a drug addict "and completely destroying her body and life as a useful person and mother."

July 15, 1974, this claim was disallowed by the administrator. On the same date he mailed notices of disallowance by certified mail to plaintiff and to her attorney. Section 633.439, The Code. Plaintiff executed the certified mail receipt on July 16. On July 31 another person signed for plaintiff's counsel who was in Europe from July 15 to approximately August 1.

In conformity with § 633.440, The Code, the disallowance-of-claim notice stated,

"You are further notified that said claim will be forever barred unless within twenty days after the date of mailing this notice you file a request for hearing on the claim."

No request for hearing on the claim was filed by plaintiff within the 20-day period as required by § 633.442, The Code.

September 6, 1974, plaintiff filed this lawsuit against the administrator of the

Merillat estate. The petition contained essentially the same facts asserted in the disallowed probate claim, alleging further that repeated and heavy injections of narcotic drugs administered following a high-blood-pressure diagnosis caused plaintiff to become "a drug addict to the extent that she ended as a mere vegetable." Plaintiff prayed for $500,000 in actual damages and $1,000,000 in punitive damages.

October 2, 1974, defendant administrator filed a motion to dismiss this action, asserting the bar of § 633.442, The Code, and an irrevocable election of remedies. Following hearing, trial court sustained the motion to dismiss. Plaintiff appeals and we affirm.

I. In this law action the controlling facts are undisputed. The appeal must turn on construction of relevant code provisions. We are not bound by trial court's determinations of applicable law. *In re Estate of Northup*, 230 N.W.2d 918, 921 (Iowa 1975); *Farmers Insurance Group v. Merryweather*, 214 N.W.2d 184, 186–187 (Iowa 1974).

II. In what is essentially a three-page brief, plaintiff appears to raise two contentions.

Plaintiff first asserts "[t]he filing of a claim in probate is not the same as a Petition at Law filed asking for damages both actual and exemplary and punitive spelled out in allegation of neglience and malice." The gist of this reasoning is that the petition in this case is not a claim, and is therefore not barred by the language in § 633.442, The Code:

"*633.442 Claims barred after twenty days.*

Unless the claimant shall within twenty days after the date of mailing said notice of disallowance, file a request for hearing with the clerk, and mail a copy thereof to the personal representative, the claim shall be deemed disallowed, and shall be forever barred."

The authorities relied on in plaintiff's brief are unrelated to this contention. An asserted liability arising in tort is a claim within the six-month limitation specified in § 633.410, The Code. *Des Moines Transp. Co. v. Haring*, 238 Iowa 395, 399, 27 N.W.2d 210, 212 (1947). The provisions of § 633.415, The Code, permitting the filing of a separate cause of action "based on a debt or other liability of the decedent * * in lieu of filing a claim in the estate" clearly indicate the same gravamen may support either a claim or a lawsuit.

Nor can a claimant transform a single cause of action into separate causes by filing a claim in probate for part of his alleged damages and a separate petition at law for the remainder. See *B & B Asphalt Co. v. T. S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976); *Stucker v. County of Muscatine*, 249 Iowa 485, 493–494, 87 N.W.2d 452, 457 (1958). Of course, defendant's assertion the lawsuit is separate because of the addition of punitive damages is doubly doomed. The ordinary rule is that actual damages must be established as a condition precedent to allowance of punitive damages. *Berding v. Thada*, 243 N.W.2d 857, 862 (Iowa 1976). Still more applicable here, a right to punitive damages does not survive the wrongdoer's death. *Stevenson v. Stoufer*, 237 Iowa 513, 517, 21 N.W.2d 287, 288 (1946).

The rationale relied on by plaintiff does not reach the ultimate issue we confront. This plaintiff filed a claim in probate and permitted the same to be "forever barred" by failing to file a request for hearing within 20 days following its disallowance. The question is whether the claim may then be resurrected in the form of an action at law.

Plaintiff's second contention is that the filing of the lawsuit was "in lieu of requesting a hearing" on the disallowed claim. This reasoning stumbles over several statutory obstacles. Section 633.415 permits a separate action against the personal representative in the estate "in lieu of filing a claim in the estate," *not* in lieu of filing a request for hearing upon disallowance of the claim. In any event, this lawsuit was not filed within the 20-day time limit specified in § 633.442. We do not

believe a separate action instituted after the § 633.442 period has expired can be considered a request for hearing under that statute or a viable substitute for such request.

Plaintiff's argument that the traditional election of remedies doctrine does not prohibit her from pursuing both courses—claim and lawsuit—could be supported, absent controlling statutes, for there is no basic inconsistency between the remedies. *Stroh Corporation v. K & S Development Corporation, et al.,* 247 N.W.2d 750 (Iowa 1976); *Allied Concord Financial Corp. v. Hawkeye Lumber Co.,* 172 N.W.2d 264, 267 (Iowa 1969).

III. But trial court's holding was rightly based on the concept our probate code establishes two alternative, mutually exclusive methods of enforcing claims against an estate.

▮ One method of enforcing such a claim is by commencement or continuation of a separate action pursuant to § 633.415. As we have already noted, the filing of a complaint under this section is "in lieu of" filing a claim in the estate. "In lieu of" has been defined to mean "instead of", "in place of" and "in substitution for". *Reed v. Albanese,* 78 Ill.App.2d 53, 60, 223 N.E.2d 419, 423 (1966); *Glassman Constr. Co. v. Baltimore Brick Co.,* 246 Md. 478, 481, 228 A.2d 472, 474 (1967). It does not mean "in addition to". *Glassman Constr. Co. v. Baltimore Brick Co., supra; O'Day v. O'Day,* 228 Iowa 650, 651, 292 N.W. 516, 517 (1940).

▮ If this method of asserting a debt or liability against a decedent's estate is elected, the provisions of § 633.438 to § 633.448 relating to denial and contest of claims do not apply. Section 633.417, The Code. Although § 633.417, The Code, provides, *inter alia,* § 633.442 (claims barred after 20 days) does not apply to a separate action under § 633.415, we hold this simply means a notice of disallowance will not trigger a potential bar to such an independent proceeding, not that a claim initially filed in an estate cannot be barred from later revival in a separate action.

'The alternate method is to file a claim against the estate as provided in § 633.410 and § 633.418, The Code. This method invokes the provisions of § 633.438 to § 633.-448.

▮ Here, plaintiff elected the second method with the result the claim became "forever barred" when she failed to request a hearing. Section 633.442, The Code. Aside from the statutory language above noted, we cannot believe the legislature intended that an asserted debt or liability "forever barred" as a claim in probate might thereafter be asserted as an independent action. Such a construction would render meaningless those statutory provisions for denial and contest of claims.

The interpretation we here adopt finds support in *Bruce v. Wookey,* 261 Iowa 231, 236, 154 N.W.2d 93, 96 (1967):

> "In the instant case, plaintiff elected to file his claim in the estate rather than to commence a separate action. *He became bound by the rules of procedure he elected. Prior to filing claim* against decedents estate under 633.410, plaintiff could have commenced an action against the estate by serving an original notice on the personal representative as provided by section 633.415. * * * [B]y choosing to file a claim against the estate under 633.410, the claimant bound himself to follow the provisions of 633.442 after the mailing of notification of disallowance and file a request for hearing within the 20 day period or 'be forever barred'." (Emphasis supplied)

IV. In the decision last cited we noted there were many sound arguments against the harsh provisions of § 633.442. The bar's probate committee apparently selected the 20-day period as "the same time allowed for appearance under R.C.P. 53 for all civil actions." See Comment, 47 I.C.A. § 633.-442, at 258. But the same time was never provided, because the § 633.442 20-day bar is triggered *by the date of mailing* of the disallowance notice.

The *Bruce* court noted the incongruous but apparently deliberate failure of the leg-

islature in § 633.442 to provide for equitable relief in "peculiar circumstances" despite provision for such relief with respect to the longer § 633.410 claim filing period. 261 Iowa at 234, 154 N.W.2d at 95.

Operation of the statute is made still harsher by the judicially-noted recent breakdown in United States mail deliveries. See *Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471, 473 (Iowa 1973); *Eves v. Iowa Employment Security Commission*, 211 N.W.2d 324, 326 (Iowa 1973). Provisions of § 633.442 are more stringent than either the Uniform Probate Code or the Model Probate Code. They were apparently recommended more in the interest of neat and tidy estate proceedings than in the legitimate interests of claimants.

Of course, the informed claimant may protect himself from the § 633.442 "sudden-death" notice play-off by serving a request for hearing with the claim, § 633.443, or by choosing the alternate method of bringing a separate action. Section 633.415, The Code. See Kurtz & Reimer, Iowa Estates: Taxation and Administration § 13.16, at 444 (1975).

Here the plaintiff has raised no constitutional issues. She makes no claim her asserted incompetency would have nullified the § 633.442 notice of disallowance and resulting bar, and we note neither the claim nor this lawsuit was instituted by a guardian. Plaintiff merely asserts a failure to reverse "would be a miscarriage of justice." Limited by the statutory language and the issues raised here and below, we are compelled to affirm.

AFFIRMED.