# IN THE COURT OF APPEALS OF IOWA

No. 20-1572
Filed November 3, 2021


IN THE MATTER OF THE ESTATE OF GEORGE MRLA, Deceased,

ROBERT MARION RICHARD MRLA,
    Plaintiff-Appellant.
vs.

ESTATE OF GEORGE MRLA and MARY GEORGIANNA HINER and GEORGIE ANN QUINLAIN, as Executors of the ESTATE OF GEORGE MRLA,
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.


Robert Marion Richard Mrla appeals the dismissal of his claims against the Estate of George Mrla. **AFFIRMED.**


Michael W. Ellwanger of Rawlings, Ellwanger, Mohrhauser, Nelson & Roe, L.L.P., Sioux City, for appellant.

Glenn A. Metcalf of Metcalf & Beardshear, Moville, for appellees.


Considered by Bower, C.J., Vaitheswaran, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BOWER, Chief Judge.**

Robert Marion Richard Mrla[1] (Mrla) appeals the dismissal of his claim against the Estate of George Mrla (the Estate). Finding no error of law, we affirm.

This court has been frustrated in its task of appellate review because Mrla has ignored our rules of appellate procedure. He has failed to appropriately reference to "the pages of the parts of the record" in support of his statement of facts. *See* Iowa Rs. App. P. 6.903(2)(f), .904(4). He has failed to "address[] how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided." Iowa R. App. P. 6.903(2)(g)(1). Nor did he provide "[a] statement addressing the scope and standard of appellate review . . ., citing relevant authority." Iowa R. App. P. 6.903(2)(g)(2). Finally, Mrla's briefs are not "searchable .pdf" documents as required by appellate rule 6.903(1)(c).

In Mrla's reply brief, he states: "This case was dismissed on a motion to dismiss for lack of jurisdiction. . . . The error is the decision of the trial court. Plaintiff does agree with defendant's statements regarding the standard of review.

The narrow question before us, then, is whether the district court erred in dismissing Mrla's claim in probate.

> "We review a district court's ruling on a motion to dismiss for the correction of errors at law." "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." "[W]e will affirm a dismissal only if the petition shows no right of recovery under any state of facts." We construe the petition in "its most favorable light, resolving all doubts and ambiguities in [the plaintiff's] favor."

---

[1] Robert Marion Richard Mrla is also referred to in the record as Richard Mrla and Rick.

*Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020) (alterations in original) (internal citations omitted).

The September 18, 2017 claim in probate asserts:

> 1. The claimant herein Robert Marion Richard Mrla . . . presents this claim in duplicate for filing with the clerk against this estate, and states that a description of this claim is as follows:
> a. There is farm equipment and machinery, which is jointly owned by Robert Marion Richard Mrla, Steve George Mrla, John James Mrla, Joseph Anthony Mrla, and George Mrla, which is located on the property. Robert requests an equitable division of the farm equipment and machinery among the individuals and the Estate as set forth in this paragraph.
> b. A separate Petition to Set Aside and Contest the Validity of the Last Will and Testament of George Mrla and the Anka Mrla and George Mrla Family Trust has also been filed in Woodbury County, . . . on September 18, 2017.
> c. A separate Petition for Breach of Contract to Make a Will has also been filed claiming property under contract to make a Will in Woodbury County, on September 18, 2017.
> 2. Claimant further states that this claim is the property of this claimant and that the amount thereof is unpaid and justly due from this estate.

A notice of disallowance of claim was mailed on April 11, 2018. Mrla had twenty days to request a hearing or "said claim will be forever barred."

On May 3, 2018, Mrla requested a hearing on the claim. The Estate answered and asserted the claim was untimely because it was not made within twenty days as required under Iowa Code section 633.442 (2017) and is therefore barred A hearing was held on May 18. The court entered a ruling on May 22, which provides in part:

> The Executors' Motion for Sanctions raised in their Answer, relate to [Mrla's] Claim referenced in his Request for Hearing filed May 3, 2018 concerning the issue as to ownership of certain personal property described as machinery. *The original claim was denied and the Request for Hearing filed May 3, 2018 was untimely* as to the claim and the Executors now seek sanctions for the late filing of the Request for Hearing. [Mrla] has acknowledged in a Reply to Estate's

> Answer and Request for Hearing that this matter is not properly established as a Claim as originally thought but rather an ownership issue that may be better addressed with regard to a declaratory action within the Estate after the inventory is filed and the ownership issue is more clearly defined. Accordingly, [Mrla] has withdrawn his request for a hearing on the claim at this time but he maintains the ownership issue may need to be determined later following the filing of the Inventory by the Executors.

(Emphasis added.)

On July 9, 2020, Mrla filed a "motion for status hearing," asserting the Estate had not filed a disallowance of his "claim in probate" for breach of contract. The Estate filed a motion to dismiss for lack of jurisdiction. Mrla resisted the motion to dismiss, contending his claim in probate "contained three components: (a) A claim that certain farm equipment and machinery which the Estate claimed was part of said Estate was in fact owned by other individuals; (b) That the will should be set aside; (c) That the Estate was obligated to [Mrla] for breach of contract." He asserted the notice of disallowance only referred to the machinery component.

The probate court entered its ruling on October 27, noting the issue raised in the Estate's motion to dismiss "is whether Iowa Code 633.442 bars, as a matter of law, the claim or matters alleged to be preserved with reference to the claim, and therefore deprives the court of jurisdiction because there is no viable claim." The court concluded, "Regardless of whether [Mrla's] claim in probate consisted of one claim with two references to additional petitions in the case, or three distinct components of a claim, the April 11, 2018 Notice of Disallowance triggered the time constraints outlined in Iowa Code 633.442."

The court also observed:

> [B]y the clear language of the claim, [Mrla] clearly was merely referencing the fact that there were two separate petitions filed in

separate actions in addition to the claim related to the equipment. This reference does not create a separate stand-alone claim in addition to the action filed separately. Moreover, [Mrla] withdrew his claim without condition or reservation. The withdrawal of the claim was a withdrawal of the claim in its entirety, despite how it is now characterized. Accordingly, no matter how you slice it, the request for hearing was filed late and outside the time limits permitted by Iowa Code section 633.442 which necessarily strips this court of jurisdiction over the claim and if that was not enough, the claim was withdrawn by [Mrla] which also renders the claim no longer viable, and as indicated above, the plain language of the claim clearly only makes a claim related to the farm machinery and equipment and only references the other separate filings and does not allege separate claims for those matters.

Construing Mrla's September 18, 2017 claim in the light most favorable to him, dismissal is warranted because the claim shows no right of recovery for breach of contract under any state of facts. Mrla continues to argue there were three components of his "claim in probate" and, because the notice of disallowance only referred to the machinery claim, there remains a viable breach of contract claim. We cannot agree.

Mrla's September 2017 filing states "this claim is as follows: a. There is farm equipment and machinery, . . . which is located on the property. [Mrla] requests an equitable division of the farm equipment and machinery among the individuals and the Estate as set forth in this paragraph." The claim was rejected. We agree with the probate court that Mrla's mere reference to a separately filed petition does not create "a separate stand-alone claim in addition to the action filed separately."

The separate actions came to this court on appeal, and we held the court erred in finding good cause for the delay in service and reversed the court's denial of a motion to dismiss. *See In re Estate of Mrla*, No. 18-1067, 2019 WL 1933999, at *4–6 (Iowa Ct. App. May 1, 2019).

Mrla acknowledges in his brief that he could not refile his petition for breach of contract because it was barred by statutory time limits.[2] He then states without citing any authority he "could still pursue his claim in the Estate." The Estate asserts that because Mrla filed a separate action for breach of contract, which is allowed by section 633.415, he cannot also submit a claim in probate. We agree.

> [O]ur probate code establishes two alternative, *mutually exclusive* methods of enforcing claims against an estate.
>     One method of enforcing such a claim is by commencement or continuation of a separate action pursuant to section 633.415.[3] As we have already noted, the filing of a complaint under this section is "in lieu of" filing a claim in the estate. "In lieu of" has been defined to mean "instead of," "in place of," and "in substitution for." It does not mean "in addition to."

*Wolder v. Rahm*, 249 N.W.2d 630, 633 (Iowa 1977) (emphasis added) (citations omitted).

While our reasoning is slightly different than the lower court's, we come to the same conclusion—the court was without jurisdiction over Mrla's allegations of breach of contract as a claim in probate. We therefore affirm.

**AFFIRMED.**

---

[2] *See* Iowa Code § 633.410(1) (stating "[a]ll claims against a decedent's estate, . . . founded on contract or otherwise, are forever barred against the estate, the personal representative, and the distributees of the estate, unless filed with the clerk within . . . four months after the date of the second publication of the notice to creditors").

[3] "A separate action based on a debt or other liability of the decedent may be commenced against a personal representative of the decedent in lieu of filing a claim in the estate." Iowa Code § 633.415(2). Section 633.417 provides, "The provisions of sections 633.438 through 633.448 are not applicable to actions continued or commenced under section 633.415."